ANTHONY J. HAYWARD *vs.* JOHN H. KNAPP and others.

March 22, 1877.

**Mississippi River—Mooring of Rafts of Logs to the Bank.**—Persons floating rafts of logs on the Mississippi river may moor them to the shore, for periods, in places, and in a manner reasonable with respect to the right of passage in other persons, to enable the owner to make sales of the logs. Where a raft had been moored to the shore ten days, the reasonableness of the period, place, and manner of mooring it is a question of fact for the jury, under proper instructions from the court.

**Same—Duty of Navigator in Avoiding Collisions.**—It is the duty of any one navigating the river, not only to use proper care to avoid a collision after seeing a raft or vessel, but to use proper diligence to see it in time.

**Same—Negligence in Propelling Raft.**—It is negligence in any one to propel a raft of logs in the channel of the Mississippi river by means which impart to the raft such motion as would place it beyond his power to control.

**Same—Negligent Mooring—Custom of Lumbermen.**—The custom of lumbermen and pilots, with reference to tying up rafts along the shore of the Mississippi river, is material evidence upon the question whether a particular raft was negligently moored to the shore.

**Same—Opinion of Experts as to Place of Mooring.**—It is competent to ask the opinion of experts whether the place where a raft is moored is a safe place.

**Question Assuming Non-existent Facts, Properly Excluded.**—The exclusion, on the cross-examination of a witness, of a question which assumes facts that do not exist in the case, cannot prejudice the party asking it.

**Request Improperly Worded, Properly Refused.**—A request to charge the jury, containing a correct proposition, but worded in such a way that, unless qualified or explained, it may mislead the jury, is properly refused.

Appeal by defendants from an order of the district court for Dakota county, *L. M. Brown*, J., presiding, (sitting for the judge of the first district,) refusing a new trial, after verdict for plaintiff. A former appeal in the same action is reported, 22 Minn. 5.

*Wilson & Taylor*, for appellants.

*William H. Yale*, for respondent.

GILFILLAN, C. J. Action for damages done to a brail of logs belonging to plaintiff, moored at the shore of the Mississippi river, by a raft of logs which defendants, by means of a steamboat, were floating down the river, and which ran into and broke up the brail. The case comes here on a bill of exceptions, presenting a great many exceptions, and a great many points are made on them here. They can all be disposed of, however, by a comparatively few propositions, without going over them all in detail.

It appears that plaintiff, who was a manufacturer of lumber at the city of Winona, floated the brail down the river, to a point about three miles above his mill at Winona, where he made it fast to the bank of the river, and left it there, intending to permit it to remain until he should sell it, or wish to manufacture it into lumber at his mill, and that it remained there ten days before it was struck by defendants' raft. There was a general verdict for plaintiff, and, in answer to special interrogatories, the jury found that there was no want of ordinary care on the part of plaintiff in leaving the brail where it lay, under the circumstances disclosed by the evidence, and that the brail lay partly in the channel of the river. How much it lay in the channel, whether enough to be an obstruction to navigation, was not found, nor is it disclosed by the statement of what the evidence was.

Upon this state of the case the defendants insist that

the tying up of plaintiff's brail, at the place, and for the purposes, and for the time stated, was wrongful; that the brail constituted a nuisance; and that, consequently, plaintiff cannot recover for damages to the brail, caused by mere negligence of defendants in navigating the river. As the jury have discharged the plaintiff of actual negligence, the question is presented whether, as a matter of law, the brail, in the place it lay, was a nuisance. It is not found—and, as the evidence is not all before us, we cannot say it was established—that the brail was an actual obstruction to navigation, or that the place where it was moored was an unreasonable one, or that it was left for an unreasonable time. The only facts which we can consider are that it was moored to the bank of the river for about ten days, to enable the plaintiff to sell it, or determine to manufacture the logs into lumber, and that it, to some extent—though whether to any material extent we cannot say—lay in the channel.

The Mississippi river is a public highway for the purposes of navigation by whatever the interests of commerce, and the wants of the people in the territory through which it passes, require should be floated on its surface. The right to navigate it applies as well to rafts of logs as to vessels, and covers the entire navigable part of it. Whoever unnecessarily obstructs passage along it is guilty of a nuisance. But the right of navigation includes, as incidental to its beneficial enjoyment, the right, in a reasonable manner, and for reasonable periods, to stop and occupy, to the exclusion of others, particular parts of or locations in the river. Thus, vessels have not merely the right of passage, but the right to land and remain at the shore such times, and in such places, as may be reasonably necessary for loading, unloading, and awaiting loads, and, of course, during such times they must obstruct the passage of other vessels over the part of the river so occupied.

The right of navigation is subservient to the interests of commerce, and such navigation may, and indeed must, be

conducted in the manner required by such interests. Logs are an article of commerce along the greater part of the river; they are rafted and floated down to find a market and for sale. The right of the persons floating them to obstruct in some measure the passage of the river—not merely in floating them, but while making them up into rafts or brails, and while breaking them up, to be taken on land—is unquestionable. And as the river is a highway of commerce, and for commerce, there is no reason apparent to us why they may not, for periods, and in places, and in a manner, reasonable with respect to the right of passage in other persons, be moored to the shore, to enable the owners to make sales of them. The bare right of passage would be very inadequate to the necessities of commerce in logs. The reasonableness of the place, time, and manner of plaintiff's mooring his brail was a question of fact for the jury, under proper instructions from the court, and not one of law; and the court below was correct in declining to charge that, as a matter of law, the act of plaintiff was wrongful or negligent.

The charge as to the effect of negligence on the part of plaintiff was correct. The rule laid down (and it was even more favorable to the defendants than that stated in their request) was that, if plaintiff was guilty of any negligence that brought the damage upon him, he could not recover.

The exceptions to the refusal of the court to give the requests of defendants, defining what would be negligence on their part, are unfounded. Those requests, numbered two and eight in the bill of exceptions, assume that the duty, on the part of defendants, to exercise care, attached only after they saw the brail. The court stated the rule to be that they should have exercised due diligence, not only to avoid a collision after they saw the brail, but to see it in time. This was correct, and covered the entire question of defendants' duty in the premises.

Several of their requests, especially those marked, in the

bill of exceptions, four, five, and six, referred to the bearing, upon the question of plaintiff's or defendants' negligence, of particular facts or circumstances in the case, and were worded in such a way that, if given, they might have misled the jury to believe that the entire question of negligence was covered by such detached facts or circumstances. A party cannot complain that the court refuses to give to the jury a request, which, though it may state a correct proposition, is so worded that, unless qualified or explained by the court, it may mislead the jury.

Exception was taken to a charge of the court that it was lawful for parties to raft logs with a steamboat, " and, in case of this accident, if the steamboat was defective in not having sufficient power to control a raft and its momentum, which the boat undertook to do, and if the accident occurred by that excess of motion which they had no power to control, then, if that excess of motion, created in this way by the boat, caused the damage, the defendants would be liable." In connection with the charge as to the effect, on the right of recovery, of negligence on the part of plaintiff, the proposition is correct. It is not liable to the objection made that it ignores the existence, in the case, of undisputed facts. The evidence as to the power or capacity of the steamboat to control the raft which it was propelling is not in the bill of exceptions, nor does it appear to have been established that it was impossible to control a raft in its approach to the point where the brail lay, however it may have been at that precise point. It would certainly be negligence in a party to propel a raft on the river by means which would communicate to it such motion as would be beyond his power to control. No one has a right to navigate the river with machinery so defective, insufficient, or inadequate as to be beyond his control.

Evidence was admitted, against defendants' objection, as to the custom of lumbermen and pilots with reference to tying up rafts along the river, and also witnesses were

allowed, against defendants' objection that it was incompetent and immaterial to state that they considered the place where the brail was tied a safe place, and other matters of a like kind and tendency. All this evidence was material, for it had a bearing upon the question of defendants' negligence and the alleged negligence of plaintiff; and it was competent, as it came within the class of cases in which the opinions of experts may be taken. 1 Greenl. Ev. § 440. There was no objection below that the witnesses were not experts.

The question to the witness Kerza, on cross-examination, assumes as a fact that the plaintiff's brail was "right in the channel of the river," or, as we understand it, wholly in the channel. The jury found that such was not the fact. The exclusion of an opinion upon a state of facts which the jury have found do not exist in the case could not prejudice.

Order affirmed.