CONRAD J. ERTZ v. PRODUCE EXCHANGE OF MINNEAPOLIS and Others.

February 8, 1900.

Nos. 11,922—(206).

**Conspiracy—Complaint Good upon Demurrer.**

A complaint which alleges that the plaintiff, a dealer in farm produce, had a profitable business, that the defendants had conspired to refuse to deal with him and to induce others to do likewise, it not appearing that their interference with his business was to serve any legitimate interests of their own, but that it was done maliciously, to injure him, and that the conspiracy had been carried into execution, whereby his business was ruined, states a cause of action.

Appeal by defendants from an order of the district court for Hennepin county, Simpson, J., overruling a demurrer to the complaint. Affirmed.

*Stiles & Stiles*, for appellants.

In the absence of statute, all the allegations of the complaint as to the motive or intent of defendants are immaterial, for the reason that the acts charged are in and of themselves strictly legal, and no legal act can be made illegal by reason of its being actuated by a malicious motive. Bohn Mnfg. Co. v. Hollis, 54 Minn. 223; Schulten v. Bavarian, 96 Ky. 224; McHenry v. Sneer, 56 Iowa, 649; Adler v. Fenton, 24 How. 407; South Royalton v. Suffolk, 27 Vt. 505; Bowen v. Matheson, 14 Allen, 499; O'Callaghan v. Cronan, 121 Mass. 114; Rice v. Coolidge, 121 Mass. 393, 399; Cooley, Torts, 278; Payne v. Western, 13 Lea, 507; Heywood v. Tillson, 75 Me. 225. The allegations which charge defendants with having conspired to do the acts set forth, and with having done said acts pursuant to such conspiracy, are likewise wholly

immaterial, for the reasons that the acts themselves are perfectly legal and that legal damage, and not the conspiracy, is the gist of this action.  Bohn Mnfg. Co. v. Hollis, supra; 6 Am. & Eng. Enc. (2d Ed.) 873; Robertson v. Parks, 76 Md. 118; Hunt v. Simonds, 19 Mo. 583; McHenry v. Sneer, supra; Laverty v. Vanarsdale, 65 Pa. St. 507; Adler v. Fenton, supra; Savile v. Roberts, 1 Raymond, 374; Wellington v. Small, 3 Cush. 145; Kimball v. Harman, 34 Md. 407; Rice v. Coolidge, supra; Cooley, Torts (2d Ed.) 329.

*James Robertson* and *M. C. Brady*, for respondent.

The complaint not only charges a conspiracy on the part of defendants not to deal with plaintiff, but that such conspiracy was formed to influence others not to deal with him, and that it so resulted.  It also appears that the conspiracy was not for the purpose of protecting any real or imaginary right of defendants, but solely to injure plaintiff in his business, by wantonly and maliciously refusing to deal with him and influencing others to do likewise, and this marks the line between the Bohn case and this action.  In the one case there was an attempt on the part of retail dealers to protect their business from the encroachments of a wholesaler.  In the case at bar it is an attempt of some retailers, through malice, to injure the business of a competitor.  In the one case it was not actionable, and in the other it was.  Delz v. Winfree, 80 Tex. 400; Van Horn v. Van Horn, 52 N. J. L. 284; Doremus v. Hennessy, 176 Ill. 608.  The Bohn case has not met with favor by the majority of courts of last resort.  Hopkins v. Oxley S. Co., 49 U. S. App. 709; Jackson v. Stanfield, 137 Ind. 592.

Injuries to property indirectly brought about by menaces, false representations or fraud create as valid a cause of action as any direct injury from force or trespass.  1 Addison, Torts, 20; Walker v. Cronin, 107 Mass. 555, 562; Carew v. Rutherford, 106 Mass. 1, 10; Boutwell v. Marr (Vt.) 43 L. R. A. 803; People v. Chicago, 170 Ill. 556; Payne v. Western, 13 Lea, 507; Schulten v. Bavarian, 96 Ky. 224.  But, independently of the common law, Laws 1899, c. 359, governs the action.  See U. S. v. Trans-Missouri Freight Assn., 166 U. S. 290, 324; U. S. v. Addyston P. & S. Co., 54 U. S. App. 723.  While the federal act affirmatively gives a right of ac-

tion to the injured party and our act does not, yet the doctrine is well settled that where a party commits an act which is criminal and another suffers damages in consequence, a right of action accrues to the injured party. Cooley, Torts, 88, 124; 8 Am. & Eng. Enc. (2d Ed.) 598, and cases cited; 1 Bishop, Crim. Law, § 264; 2 Addison, Torts, 850; Doremus v. Hennessy, supra.

START, C. J.

The defendants interposed a general demurrer to the complaint in this case, and they appealed from the order of the district court of the county of Hennepin overruling their demurrer. The material facts alleged in the complaint are these:

The plaintiff is now, and for two and a half years past has been, engaged, at the city of Minneapolis, in the business of a commission merchant, buying and selling farm produce and commodities. His profits from his business, prior to the committing of the wrongs hereinafter stated by the defendants, were $20,000 per year. To enable him to conduct his business, it has been and is necessary for him to buy such farm produce and commodities in the market at Minneapolis, and resell the same to his customers. The defendants, during the time the plaintiff has so conducted his business, have been, and still are, engaged in buying and selling farm produce and commodities, and they are practically all the persons, firms, and corporations who are engaged in such business in the city of Minneapolis, and during such time they did and still do control, regulate, and govern the quantity and price of such farm produce and commodities, and the purchase and sale thereof. The plaintiff, prior to July 19, 1899, was accustomed to and did purchase the produce and commodities so dealt in by him from the defendants, and paid them therefor in full. But on the day named, and at various subsequent times, the defendant the produce exchange conspired, confederated, and agreed to and with all of the other defendants herein not to sell to, or buy of, plaintiff, in any manner, any farm produce or commodities for the purpose of carrying on his business. The defendant the produce exchange then and there did maliciously solicit and procure from all of its codefendants, and each of them, and from many other persons to the

plaintiff unknown, an agreement not to sell to, or buy from, plaintiff such products and commodities, and did so induce its codefendants, and each of them, and other persons, by the aid of, and through the influence of, all of the defendants, not to sell to, or buy of, the plaintiff any of such products and commodities, for the purpose of his business or otherwise. In pursuance of such conspiracy, each and all of the defendants have, with such malicious and unlawful intent, ever since July 19, 1899, refused so to sell to, or buy of, the plaintiff, and have daily circulated among and reported to the patrons of the plaintiff that he was unable to buy, such products and commodities, with the intent of inducing such patrons to discontinue doing business with the plaintiff. The business of the plaintiff, by reason of the premises, has been ruined, and he has been damaged thereby in the sum of $25,000.

If the allegations of the complaint are true, and the demurrer admits them, it is certain that the plaintiff has suffered material financial injury by the acts of the defendants. Does the law afford him any remedy? Counsel for the defendants insist that the question must be answered in the negative, because their acts in the premises were lawful, and, being so, the intent with which they did the acts is immaterial. It may be conceded that, if the acts of the defendants were lawful, the motive which actuated them is immaterial in determining the strict legal rights of the parties. The question, then, is, were the defendants' acts legal? In its broadest aspect, this question involves considerations of the highest importance to the individual and to the public. The genius of our free institutions encourages all men to seek better fortunes, higher levels, and larger opportunities for success in life. Therefore, within proper limits, it is both lawful and commendable for men to combine for the purpose of securing better wages or larger returns from their business ventures. It is not, however, our purpose to enter upon any general discussion as to the limitations upon this right of men to combine for the purpose of furthering their own interests, without reference to the rights of others. Our sole purpose is to inquire whether the acts of the defendants in this case were, as to the plaintiff, lawful.

The defendants rely upon the case of Bohn Mnfg. Co. v. Hollis, 54 Minn. 223, 55 N. W. 1119, in support of their contention that the defendants' acts in question were lawful. The general propositions of law laid down in the decision in that case are sound, as applied to the facts of that particular case, which were substantially these: The defendants were retail lumber dealers, and formed a voluntary association, by which they mutually agreed that they would not deal with any wholesale dealer who should sell lumber to persons not dealers at the place where a member of the association was carrying on business. The object of the association was to protect its members against sales by wholesale dealers to contractors and consumers. In case a wholesale dealer made any such sale, and refused to make amends therefor, as provided by the by-laws of the association, its secretary was required to notify all of its members of the fact, and thereafter such members were to refrain from dealing with the offending wholesale dealer. The plaintiff, the Bohn Manufacturing Company, a wholesale dealer, having made such a sale, the secretary of the association was about to send notice of the fact to all of its members. Thereupon the company commenced an action for a permanent injunction, enjoining the defendants from issuing such notices. This court held that the action would not lie. The decision was correct, but it is not applicable to the alleged facts in this case.

It is to be noted that the defendants in the Bohn case had similar legitimate interests to protect, which were menaced by the practice of wholesale dealers in selling lumber to contractors and consumers, and that the defendants' efforts to induce parties not to deal with offending wholesale dealers were limited to the members of the association having similar interests to conserve, and that there was no agreement or combination or attempt to induce other persons not members of the association to withhold their patronage from such wholesale dealer. In this respect the case differs essentially from the one at bar, in which the complaint does not show that the defendants had any legitimate interests to protect by their alleged combination. On the contrary, it is expressly alleged in the complaint that the combination, which was carried

into execution, was for the sole purpose of injuring the plaintiff's business, and that the defendants conspired to induce the plaintiff's patrons and persons, other than the defendants, to refuse to deal with him. Such alleged acts on the part of the defendants are clearly unlawful.

It is true, as claimed by the defendants and as stated in the Bohn case, that a man, not under contract obligations to the contrary, has a right to refuse to work for, or deal with, any man or class of men, as he sees fit, and that the right which one man may exercise singly, many may lawfully agree to do jointly by voluntary association, provided they do not interfere with the legal rights of others. But one man singly, or any number of men jointly, having no legitimate interests to protect, may not lawfully ruin the business of another by maliciously inducing his patrons and third parties not to deal with him. See Walker v. Cronin, 107 Mass. 555, 562; Delz v. Winfree, 80 Tex. 400, 16 S. W. 111; Graham v. St. Charles, 47 La. An. 214, 16 South. 806; Hopkins v. Oxley S. Co., 49 U. S. App. 709. This is just what the complaint in this case charges the defendants with doing, and we hold that it states a cause of action.

Order affirmed.