# PETER CANELLOS v. CHRIS ZOTALIS.[1]

## April 1, 1920.

## No. 21,614.

**Misjoinder of causes of action — demurrer or answer.**

1. If a complaint states several causes of action not inconsistent with each other, but improperly joined contrary to the provisions of section 7780, G. S. 1913, defendant can take advantage of such misjoinder only by demurrer or answer.

**Election by plaintiff.**

2. If a complaint states several inconsistent causes of action, or contains a double statement of a single cause of action, it is within the discretion of the court to compel an election.

**Complaint not defective.**

3. A complaint which charges defendant with wrongfully and maliciously injuring plaintiff's business by interfering with and preventing a profitable sale of a portion thereof, and with the utterance, for the same purpose, of defamatory language concerning plaintiff, does not contain a double statement of a single cause of action, nor does it improperly mingle several inconsistent causes of action and state them as a single cause of action.

**Inconsistent causes of action.**

4. Two causes of action are not inconsistent, unless they are contrary to one another, so that if one exists the negation or falsity of the other is necessarily inferred.

**Tort — malicious interference with competitor's sale of business.**

5. No person has the right maliciously to injure or destroy the business of another by acts which serve no legitimate purpose of his own. To interfere with a profitable sale made by a business competitor by inducing the purchaser to break the contract of sale amounts to an actionable tort. An act of that kind and a slander intended to injure a competitor in his business may be pleaded in the same complaint, as each wrongful act is connected with the same subject of action.

Action in the district court for Blue Earth county to recover $25,000.

1 Reported in 177 N. W. 133.

The substance of the pleadings will be found at the beginning of the opinion. The case was tried before Comstock, J., when the proceedings narrated in the sixth paragraph of the opinion took place. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*C. J. Laurisch* and *Moonan & Moonan,* for appellant.

*S. B. Wilson,* for respondent.

Lees, C.

Appeal from an order denying a new trial after the dismissal of an action for damages for the wrongful acts of the defendant, alleged in the complaint as follows:

Plaintiff is engaged in business at Mankato in this state as a confectioner and retail dealer in cigars and conducts a pool-room in connection therewith. Defendant is a business competitor. For two or three years prior to the commencement of this action defendant has endeavored to destroy plaintiff's business and compel him to abandon it. To accomplish his purpose, he purchased the building occupied by plaintiff under a lease and began an action to dispossess him on the ground that he permitted gambling on the demised premises in violation of the covenants in the lease. After the action was finally determined in this court (Zotalis v. Cannellos, 138 Minn. 179, 164 N. W. 807, L.R.A. 1918A, 1066), without warrant of law, he caused plaintiff to be evicted from the building. Each of these acts was malicious and intended to injure plaintiff in his business. Later, when plaintiff had made a profitable sale of part of his business, defendant maliciously interfered with the sale and induced the purchaser "to back out," to plaintiff's loss and damage. Still later, when plaintiff had agreed on a sale to another purchaser of the same part of his business, defendant endeavored to persuade the purchaser to break the contract of sale, representing to him that plaintiff would cheat him if he dealt with him, and offering to pay money to a relative of the purchaser if he would break up the impending sale. It is not alleged the defendant's interference caused this sale to fall through.

The complaint also contains a general allegation that, in other ways not specified, defendant wrongfully interfered with plaintiff's business,

not to serve any legitimate interest of his own, but solely with the design of injuring and destroying such business.

It then alleges that defendant slandered plaintiff by charging him with being "crooked," and that the charge was made for the purpose of injuring plaintiff in his business.

Defendant interposed an answer containing a general denial, an admission of the purchase of the building referred to, and an allegation that the judgment in Zotalis v. Cannellos was a bar to a claim for damages for the alleged wrongful eviction of plaintiff from the building. The reply was a general denial.

At the opening of the trial, defendant moved that plaintiff be required to elect upon which of the two claims stated in the complaint he would rely for a recovery, and also objected to the introduction of any evidence in support of the complaint insofar as it charged him with having slandered the plaintiff. At the conclusion of an extended discussion, participated in by the court and counsel, the court said: "The court holds that such a cause of action (one for malicious interference with plaintiff's business) pleaded with a cause of action in slander is inconsistent, a misjoinder, and requires an election." Plaintiff's counsel declined to elect, stating that, if plaintiff was required to elect before proceeding, he could not offer any evidence. The court then granted defendant's motion for a dismissal for want of prosecution, and this appeal followed.

1. If it be assumed that the complaint stated several causes of action not inconsistent with each other, but improperly joined in the same complaint contrary to the provisions of section 7780, G. S. 1913, defendant was required to take advantage of such misjoinder by demurrer or answer and, having failed to do so, he waived his right to attack the complaint on that ground. Section 7755, G. S. 1913; 2 Dunnell, Minn. Dig. § 7508.

2. If it be assumed that it either stated several causes of action which were inconsistent, or contained a double statement of a single cause of action, it was within the discretion of the court to compel an election. Hawley v. Wilkinson, 18 Minn. 468 (525); Plummer v. Mold, 22 Minn. 15; Hause v. Hause, 29 Minn. 252, 13 N. W. 43; Davis v. Severance, 49 Minn. 528, 52 N. W. 140. Illustrations of a double statement of

facts constituting but one cause of action may be found in Theodore Wetmore & Co. v. Thurman, 121 Minn. 352, 141 N. W. 481, and Kinzel v. Boston & Duluth F. L. Co. 124 Minn. 416, 145 N. W. 124. It is clear that the complaint in the present case does not contain a double statement of a single cause of action.

3. Does it set forth several inconsistent causes of action improperly mingled and stated as a single cause of action? We think it does not. The gist of the action is injury to plaintiff caused by a series of wrongful acts alleged to have been done to destroy his business. Even the defamatory language is alleged to have been uttered in the furtherance of that purpose. As was said in Tuder v. Oregon S. L. R. Co. 131 Minn. 317, 155 N. W. 200, "the complaint contains no inherently inconsistent or antagonistic allegations;" and, as was said in Armstrong v. Chicago, M. & St. P. Ry. Co. 45 Minn. 85, 47 N. W. 459: "Even if the complaint had stated two causes of action, it was not a case requiring an election, as there was no inconsistency between the two."

We see no inconsistency between an allegation that defendant maliciously interfered with plaintiff's business and another that he slandered plaintiff. Two causes of action are inconsistent when they are contrary the one to the other, so that, if one exists, the negation or falsity of the other is necessarily inferred. See 4 Words & Phrases, 3511. Such is not the case here. On the contrary, the several transactions set out in the complaint are connected with the same subject of action, namely, injury to plaintiff's business caused by the wrongful and malicious acts of the defendant, and hence, if they are not essentially separate and inconsistent causes of action, they may be properly united. Price v. Minnesota, D. & W. Ry. Co. 130 Minn. 229, 153 N. W. 532, Ann. Cas. 1916C, 267.

4. Defendant contends that the complaint failed to state any cause of action, except possibly one for slander; that the court so construed it and advised plaintiff that he would be permitted to offer evidence in support of that cause of action, hence there was no error in dismissing the action when he declined to do so, after he was required to elect. If the complaint stated but one cause of action, there was no foundation for defendant's motion to compel an election, or for the ruling that there should be an election between inconsistent causes of action. We

are of the opinion, however, that the complaint states a good cause of action for wrongful interference with plaintiff's business. No person has the right maliciously to injure or destroy the business of another by acts which serve no legitimate purpose of his own. Ertz v. Produce Exchange of Minneapolis, 79 Minn. 140, 81 N. W. 737, 48 L.R.A. 90, 79 Am. St. 433; Tuttle v. Buck, 107 Minn. 145, 119 N. W. 946, 22 L.R.A.(N.S.) 599, 131 Am. St. 446, 16 Ann. Cas. 807; Victor T. M. Co. v. Lucker, 128 Minn. 171, 150 N. W. 790; Roraback v. Motion Picture M. O. U. of Minneapolis, 140 Minn. 481, 168 N. W. 766, 169 N. W. 529, 3 L.R.A. 1290. Defendant might have used any legitimate means of advancing his own business interests, even though such means incidentally caused injury to plaintiff's business. Roraback v. Motion Picture M. O. U. of Minneapolis, supra. But, according to the complaint, he did not confine himself to the use of such means. To interfere with a profitable sale of part of plaintiff's business and to induce the purchaser to abandon performance of his contract to the injury of the plaintiff is not lawful competition, but amounts to an actionable tort. Joyce v. Great Northern Ry. Co. 100 Minn. 225, 229, 110 N. W. 975, 8 L.R.A.(N.S.) 756; Mealey v. Bemidji L. Co. 118 Minn. 427, 136 N. W. 1090.

Plaintiff had a right to offer evidence in support of the allegations of his complaint, charging defendant with wrongfully interfering with and injuring his business, and the court was in error in restricting him to proof of the alleged slander when he declined to make an election as required.

There must be a new trial and the order denying it is hereby reversed.