Common Pleas Court of Hamilton County.

WILBUR FINKE v. HARRY SCHWARTZ ET AL.

Decided April 11, 1931.

*John C. Nieporte,* for plaintiff.
*Province M. Pogue,* for defendants.

ALFRED MACK, J.

Plaintiff is the lessee of Evanston Theater, a motion picture theater in Cincinnati, and is conducting said business. Prior to June, 1930, said theater was conducted by the owner thereof, said owner employing union operators to operate the apparatus of such theater. During said month plaintiff and Wiliam H. Clark leased the theater and both obtained licenses to operate the apparatus in said theater and perform such work. Thereafter plaintiff purchased the interest of Clark and has since acted as operator of the apparatus of the theater. Since June, 1930, the Local Union of the Motion Picture Operators has endeavored to induce said lessees and said present sole lessee to employ union operators in the operation of the apparatus. Such effort has been unsuccessful and as a result thereof the Local Union has "bannered" the said theater. The method employed therefor has been to have two persons patrol the street in front of said theater with a sign bearing the legend "This Theater Does Not Employ Union Operator." Said banner is carried either

along the curb line or in the gutter adjoining the curb line in front of the theater. There has been no physical violence, abuse, intimidation or disturbance of any kind and the police department has never been called upon by the lessees or lessee of said theater to maintain order.

This cause has been heard upon the petition seeking an injunction and upon motion for a temporary restraining order, and was heard by the court, the evidence developing the foregoing recited facts, as well as the facts hereinafter mentioned. The allegations of the petition bearing upon the vital issue herein are:

"Defendants have conspired together with the sole purpose of injuring and damaging this plaintiff and his business and to intimidate him, to compel him to hire motion picture operators who are members of the defendant organization, and to compel plaintiff not to work as an operator himself in his business, and for the further purpose of influencing and deterring persons about to trade with or patronize the plaintiff's theater from so doing."

It appears in evidence that there is no Union as to those who sell tickets or take in tickets at the entrance of the theater. Aside from the plaintiff, who operates the apparatus, one Ray Houtz, who has a license to operate the appartus, is present at the theater to watch the apparatus during such time that plaintiff, who claims to alone operate the apparatus, is absent from the booth containing the apparatus in order to get a drink of water or eat his meals.

Evidence has been introduced that in addition to improving the conditions of its members, increase their wages and assist them in other ways, the defendant Union is endeavoring to protect the safety of those patronizing such theater by having the apparatus not only operated by an experienced and skilled operator, but also by having two such skilled operators present at all times, it being claimed that at no second of time should the apparatus be in operation without having at hand a competent and skilled operator to take the place of one who might become disabled or be absent for even the briefest period of time.

It was conceded upon the hearing that if plaintiff employed a third person who was a non-union member to operate the machine, the injunction sought herein and the motion for a temporary restraining order should be denied. It is claimed, however, that inasmuch as plaintiff, who is the owner of the business, operates the machine himself, the rule applicable in the case of a non-union employee should not prevail.

In support of such contention the case of *Roraback* v. *Motion Picture Machine Operators' Union,* 140 Minn., 481, and a decree entered by the Court of Appeals of Mahoning county, Ohio, in the case of *Steinberg* v. *International Alliance of Theatrical Stage Employees, etc.,* are cited.

As to the Minnesota decision, it is true that in the opinion in said case there are statements to the effect that "bannering" of a place of business as unfair to organized labor and thereby deterring the public from patronizing it, *if done for the purpose of compelling the owner not to work as an operative himself in his business,* is unlawful and may be enjoined. However, it will be found that even under the circumstances of that case an order denying a preliminary injunction was affirmed. Moreover, in the opinion of Hallam, J., the following is said:

"I understand that defendants have the right to refuse to work as fellow workmen with nonunion men or with an employer, and that they have a right, in a proper and orderly manner to advise one another or the public that a certain employer does not employ union operatives or that he insists on operating his own machines. It seems to me the main question in the case is whether the conduct of defendants has amounted to more than that. If not, their acts have not been unlawful."

As to the decree in *Steinberg v. International Alliance,* it is true that the decree finds that so long as the owners are operating their own motion picture machines and appliances and employ no non-union help of any kind in, around or about said place of business, plaintiffs are entitled to the relief prayed for. It appears, however, there were other facts in that case not mentioned in the decree of the Court of Appeals and found in the opinion of the

Judge of the Court of Common Pleas hearing the case below. In said court a decree allowing an injunction against certain acts was entered.

In the case of *Canellos* v. *Zotalis,* 145 Minn., 292, at page 296, the case reported in 140 Minn. 481, is cited as an authority for this proposition:

"Defendant might have used any legitimate means of advancing his own business interests, even though such means incidentally caused injury to plaintiff's business."

In the case of *Campbell* v. *Motion Picture Operators' Union,* 151 Minn. 220, it appears that the plaintiff operated his machines himself, with part time aid from one who was not a member of the Union. After a temporary injunction had been granted, the plaintiff employed and used solely operators who did not belong to the Union. Under the circumstances of that case a decree granting an injunction was affirmed.

In the opinion of the Court in the instant case it cannot be said that plaintiff solely operates the machine in question, and for that reason this case is distinguished from the case in 140 Minn. Likewise, the Court is of opinion that the facts herein distinguish this case from the Mahoning County case.

In the recent case of *Mann* v. *Ramist,* 255 N. Y. 307, Cardoza, C. J., delivered the opinion of the Court and in his usual scholarly manner analyzes principles relating to boycott cases and cases similar to the one at bar. Paraphrasing his language, the Court is of opinion that in the instant case its decision should be controlled by the following just and fundamental principles, viz., if a defendant believes in good faith that the policy pursued by plaintiff is hostile to the interests of organized labor and is likely, if not suppressed, to lower the standard of living for workers in a trade, it is privileged by pressure of notoriety and persuasion to bring its policy to triumph. A fortiori, has a defendant such privilege when its object is not only such as has been stated, but also when it has in view the protection of the safety of those who patronize a motion picture theater.

In the case of *LaFrance Co.* v. *Electrical Workers*, 108 O. S., 61, Judge Allen, delivering the unanimous opinion of the Court, used this language at page 94:

"But how can the persuasion of one to do a legal thing be in itself illegal."

If that principle is true then it seems to follow, in the opinion of the Court herein, that the defendants have a right to advise the public that the apparatus of a motion picture theater is not being operated by a union operator, who is necessarily required to be skilled and to comply with the rules of the Union looking to the safety of the public, even if such action results in a diminution of the income of such owner of the theater.

In the case of *Clark Lunch Co.* v. *Waiters' Local*, 22 O. A. R., 265, at 271, the Court quotes with approval the following, which is applicable to the case at bar:

"Peaceable persuasion and argument, oral, printed or written, by members and officers of labor unions to divert patronage from a hotel claimed by them to be unfair to labor, will not be enjoined as an unlawful boycott."

In the opinion of the Court, were the facts otherwise than shown herein, there is no valid ground to distinguish a case wherein a defendant himself solely performs the work of a non-union operator from a case where such work is performed by a paid non-union employee.

It follows from all the foregoing reasons that the motion for a temporary restraining order will be denied. As long as defendants "banner" plaintiff's theater in the manner and under the circumstances shown herein such act will not be restrained. If said manner and circumstances are changed, another application for a restraining order will be heard and determined.