### E. LUTHER MELIN v. FRANK BAKER AND OTHERS.[1]

March 14, 1947.

No. 34,250.

---

[1]Reported in 27 N. W. (2d) 647.

320

*E. Luther Melin, pro se.*
*R. Vern Eckman,* for respondents.

PER CURIAM.

Plaintiff brought action against the three defendants charging conspiracy to deprive him of certain personal property. The court found that no conspiracy existed, but ordered judgment for $10 against defendant Johnson for conversion of French windows and for $25 against defendant Baker for conversion of flooring. Judgment was entered, and plaintiff appeals.

■ Defendants Johnson and Young own certain lands on the north shore of Lake Wilson in Lake county as tenants in common. Each has constructed a cabin on this land. Defendant Baker lives on Cross River, the outlet of the lake. L. H. Fawkes was the owner of a summer home about two miles from the Johnson and Young cabins and on the opposite side of the lake. In 1933, Fawkes sold his cabin with some personal property to plaintiff, who intended to use the material to build a cabin for himself. In the fall of that year, plaintiff razed the cabin and stored the logs and other material on the premises. He placed cover over some French windows and 840 feet of fir flooring. In 1933, Johnson's cabin was destroyed by fire. In 1938, he took six pairs of French windows which were lying on the ground on Fawkes' premises, repaired them so as to make five pairs, and in 1941 installed them in his new cabin. Johnson and his wife testified that they thought the windows had been abandoned. They denied taking any other property, and plaintiff failed to prove that any other property was taken by them.

In 1939 or 1940, Baker took the fir flooring which was on the Fawkes premises and took it to his home on Cross River. Baker testified that in 1933 plaintiff and his brother stayed at the Baker home during the deer hunting season and failed to pay him $24, the agreed price for board, and that in payment of this bill he took the flooring, which is still in his possession. Neither Johnson nor Baker had any conversation with Young concerning the windows or flooring prior to their taking, nor was there any such conversation be-

tween Johnson and Baker. Young had nothing to do with it, and it is evident that he had nothing to gain by Johnson getting the windows or Baker the flooring. On this evidence, the court found that no conspiracy existed in fact between the defendants relative to the appropriation of any of plaintiff's property. It could not have found otherwise under any definition of conspiracy. It further found, however, that the isolated acts of Johnson and Baker amounted to conversion and allowed recovery against Johnson for $10 and against Baker for $25, or the return of the property. It also found that Young had no part in the wrongful acts of his codefendants.

■ The court found against defendants Johnson and Baker on the legal basis that regardless of the existence of a conspiracy one or more of the alleged conspirators may be held liable for his own acts. 1 Dunnell, Dig. § 1567b, and cases cited.

■ The only testimony in the case as to the value of the property as used material at the time it was taken was furnished by defendants, and the findings as to value are supported by the evidence.

Judgment affirmed.

