UNIVERSAL FILM EXCHANGES, Inc.,
Plaintiff,

v.

Archie SWANSON, Mrs. A. P. Swanson, Jesse L. Swanson, Peter Swanson, Ralph T. Swanson and Swanson Enterprises, Inc., a Minnesota corporation, Defendants.

WARNER BROS. Pictures Distributing Corporation, Plaintiff,

v.

Archie SWANSON, Mrs. A. P. Swanson, Jesse L. Swanson, Peter Swanson, Ralph T. Swanson and Swanson Enterprises, Inc., a Minnesota corporation, Defendants.

PARAMOUNT FILM DISTRIBUTING CORPORATION, Plaintiff,

v.

Archie SWANSON, Mrs. A. P. Swanson, Jesse L. Swanson, Peter Swanson, Ralph T. Swanson and Swanson Enterprises, Inc., a Minnesota corporation, Defendants.

RKO RADIO PICTURES, Inc., Plaintiff,

v.

Archie SWANSON, Mrs. A. P. Swanson, Jesse L. Swanson, Peter Swanson, Ralph T. Swanson and Swanson Enterprises, Inc., a Minnesota corporation, Defendants.

Civ. Nos. 1374–1377.

United States District Court
D. Minnesota,
Fifth Division.

Aug. 8, 1958.

Neville, Johnson & Thompson, by Bruce F. Thompson, Minneapolis, Minn., Sargoy & Stein, by John F. Whicher, New York City, for plaintiffs.

Manthey, Carey, Manthey, O'Leary & Trenti, by Thomas J. Manthey Sr., and Thomas J. Manthey Jr., Virginia, Minnesota) for defendant Jesse L. Swanson.

Stanley D. Kane, Minneapolis, Minn., for defendants, Mrs. A. P. Swanson, Archie Swanson and Ralph T. Swanson.

DONOVAN, District Judge.

This matter came on for hearing upon defendant Jesse L. Swanson's motions for summary judgment. Plaintiffs seek to recover damages for alleged wrongful acts done pursuant to and in furtherance of a conspiracy. Involved are four separate actions against all of the named defendants. Except as otherwise noted, the court will treat them as one action for the purposes of this Memorandum.

An outline of the procedural history will be helpful. Action was commenced on March 18, 1953, against defendants Archie Swanson, Mrs. A. P. Swanson, Ralph T. Swanson, and Swanson Enterprises, Inc., and was continued from time to time upon request of counsel. Thereafter, on April 6, 1955, movant and Peter Swanson were made additional parties defendant upon amended complaint. On May 3, 1955, movant filed his separate answer. On November 9, 1956, movant filed an amended answer which raised the statute of limitations as a defense to the action. On April 19, 1958, he moved for summary judgment upon the ground of the bar of the statute of limitations, which motion was heard on May 6, 1958. On May 16, 1958, plaintiffs moved to amend the complaints against all defendants, which motion was heard on June 6, 1958. Both motions were taken under advisement pending submission of

briefs. The court will now consider and dispose of both motions.

### 1. Motion for Summary Judgment.

The amended complaints allege the requisite jurisdictional facts for diversity action, the engagement of the plaintiffs in the business of distributing motion pictures by licensing the right to exhibit such pictures during the period of January 1, 1941, to March 18, 1953, the ownership and operation by defendants of the State Theater in Ely, Minnesota, and the Rex Theater in Tower, Minnesota, during this period, the practice in the industry to set license fees upon each picture on the basis of past reports by the exhibitor of gross admissions receipts (a report being submitted at the conclusion of the exhibition of each picture), the existence of a conspiracy on the part of all defendants during the period January 1, 1941, to March 18, 1953, to falsely under-report gross admissions receipts with intent to defraud the plaintiffs, the submission of false reports during that period by the defendants, the participation, actual or constructive, of all defendants in the false reporting throughout the period of the conspiracy, the reliance of the plaintiffs upon these reports in determining the fee for each license granted during the period of the conspiracy, and the resulting injury and damage to the plaintiffs in their being fraudulently induced to accept as license fees sums substantially less than were actually due upon the true gross admissions.

The movant's amended answer denies the allegations of conspiracy, false reporting, participation by movant in the alleged conspiracy or alleged false reporting, the reliance by the plaintiffs upon the alleged misrepresentations, and the injury and damage to the plaintiffs. In addition the affirmative defense of the statute of limitations was made in the "Sixth Defense" which avers

"that more than six years have elapsed since Defendant was employ-

ed at, supervised, operated or had any connection with the operation of the Rex or State Theaters and more than six years have elapsed since the cause of action alleged by Plaintiff accrued and since Plaintiff learned of the facts or should have known the facts on which Plaintiff now asserts its alleged cause of action and this action is barred by the Minnesota Statute of Limitations."

The "Sixth Defense" is couched in the language of the applicable statute of limitations as construed. That statute is Minnesota Statutes Annotated § 541.05, which provides:

"The following actions shall be commenced within six years:

\* \* \* \* \* \*

"(6) For relief on the ground of fraud, in which case the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."

The word "discovery" as used in this statute has been construed to mean actual or constructive discovery, so that the six-year period commences to run from the time the facts constituting the fraud were discovered, or, from the time which, in the exercise of reasonable diligence, they ought to have been discovered.[1]

Movant contends that it affirmatively appears from depositions and other documents on file that during the years 1945 through 1947 plaintiffs came by knowledge of the facts constituting the fraud or frauds alleged, and that, therefore, the statute commenced to run and the six-year period expired prior to the commencement of action against him on April 6, 1955.

A conspiracy is not actionable per se. The gist of a civil action for conspiracy is the wrongful act or acts committed in furtherance of the common design or the consummation of an unlawful design where that is the wrong which

1. Duxbury v. Boice, 70 Minn. 113, 72 N.W. 838; First National Bank of Shakopee v. Strait, 71 Minn. 69, 73 N.W. 645.

causes damage to the plaintiff.[2] As stated in Harding v. Ohio Casualty Ins. Co., 230 Minn. 327, 41 N.W.2d 818, 825:

> "It logically follows that, since in so-called civil conspiracy cases liability is predicated upon the tort committed by the conspirators and not upon the conspiracy, allegations of conspiracy do not change the nature of the cause of action. * * *
>
> "The true office of allegations of conspiracy is to show facts for vicarious liability of defendants for acts committed by others, joinder of joint tortfeasors, and aggravation of damages. (Citing cases.)"

The complaints allege the commission of a series of frauds which have been "welded" into a single claim "under hammer of the charge" of conspiracy.[3] They allege a series of wrongs[4] upon each of which the statute of limitations has application.[5]

The applicable statute of limitations provides that an action based on fraud does not accrue until the facts constituting the fraud are discovered. Obviously, action upon any fraud committed within the statutory period, that is, between April 6, 1949, and April 6, 1955, is not barred by the statute, although, assuming knowledge of the facts constituting the prior frauds, plaintiffs would have an improbable task of establishing justifiable reliance upon the misrepresentations for which movant may be responsible. As to frauds, if any, committed prior to April 6, 1949, the issue of the bar of the statute turns upon a fact question of whether plaintiffs had, or ought to have had, discovered the facts constituting the frauds.

In answer to an interrogatory plaintiff Universal Film Exchanges, Inc., admits that it discovered the frauds in February, 1949, and in its briefs admits that as to the frauds so discovered at that date action against movant is barred.

■ The other plaintiffs admit discovery of the frauds in 1952. Movant contends that the record affirmatively shows discovery of the facts constituting the frauds between the years 1945 through 1947. During that period the plaintiffs employed "checkers", who made independent counts of admissions to some of the films exhibited at the State and Rex Theaters, and reported to the plaintiffs. Seven of such reports of 62 made to R. K. O. Radio Pictures, Inc., eight of 72 made to Warner Bros. Pictures Distributing Corporation, and four of 31 made to Paramount Film Distributing Corporation on films exhibited at the State Theater, contain statements or indicate discrepancies in defendants' reports from which knowledge on the part of the plaintiffs of the alleged under-reporting could be inferred. Of the reports showing discrepancies, some also contain facts explaining the discrepancies away, and in others the difference is slight. Others contain statements that a "hidden or dummy role" of tickets was being used, that particular employees acted suspiciously or were uncooperative, and that the "usual discrepancies" appeared. The court cannot say that these

2. Bohn Mfg. Co. v. Hollis, 54 Minn. 223, 55 N.W. 1119, 21 L.R.A. 337; Wolfson v. Northern States Management Co., 210 Minn. 504, 299 N.W. 676; Venier v. Forbes, 223 Minn. 69, 25 N.W.2d 704; Melin v. Baker, 223 Minn. 319, 27 N.W. 2d 647; Brictson v. Woodrough, 8 Cir., 164 F.2d 107, and cases cited.

3. Scheele v. Union Loan & Finance Co., 200 Minn. 554, 274 N.W. 673.

4. This has been plaintiffs' theory in briefs and on argument.
   Compare: Canellos v. Zotalis, 145 Minn. 292, 177 N.W. 133; Montgomery v. Crum, 199 Ind. 660, 161 N.E. 251; Winkler-Koch Engineering Co. v. Universal Oil Products Co., D.C.S.D.N.Y., 96 F. Supp. 1014; Clark v. Machette, 92 Colo. 365, 21 P.2d 182.

5. Rutkin v. Reinfeld, 2 Cir., 229 F.2d 248; Northern Kentucky Telephone Co. v. Southern Bell Telephone & Telegraph Co., 6 Cir., 73 F.2d 333, 97 A.L.R. 133, certiorari denied 294 U.S. 719, 55 S.Ct. 546, 79 L.Ed. 1251; Roche v. Blair, 305 Mich. 608, 9 N.W.2d 861; Glassberg v. Boyd, Del., 116 A.2d 711; And see cases collected at 97 A.L.R. 137, 152.
   Contra: Kansas City v. Rathford, 353 Mo. 1130, 186 S.W.2d 570.

nineteen of 165 reports conclusively establish that these plaintiffs were or ought to have been aware that the defendants were under-reporting gross admissions. The question must be left to a jury.[6]

■■ Movant has contended that he had no connection with the operation of either the State or Rex Theaters for more than six years prior to the commencement of the action against him. Assuming, as the court must for the purposes of this motion, that the allegation that movant was a party to the conspiracy during the entire period of its existence is true, the fact that he might not have actively participated in any of the frauds for more than six years prior to commencement of action against him will not of necessity absolve him of liability for frauds committed by other parties to the conspiracy within six years of the suit.[7]

*2. Motion to Amend the Complaint.*

Neither the original nor amended answer challenged the sufficiency of the complaints to state a claim for which relief could be granted. However, on argument in support of his motion for summary judgment heard May 6, 1958, and in his brief submitted on that date, movant advanced the rule that where it appears from the face of the complaint that the facts constituting the fraud occurred more than six years prior to the commencement of the action, the plaintiff must plead and prove that he did not discover the fraud until within six years before the commencement of the action[8], and noted the failure of the complaints to so plead. On May 16, 1958, plaintiffs moved to amend their complaints to correct this deficiency as to frauds perpetrated prior to April 6, 1949.

The motion to amend was resisted on the ground that facts in the record affirmatively showed the proposed amendment to be false. The court has already indicated that this question must be left to a jury.

■ Allowance of the amendment lies in the discretion of the court. It does not seek to add additional parties, nor alter nor add to the claims for relief heretofore alleged. Its allowance would work no injustice to the parties. The other defendants have not as yet filed answers to the complaints, and it is apparent that as to Jesse L. Swanson the amendment would merely make a correct pleading of a claim of which he has had full notice. While it is not the court's intent to reward faulty pleading or encourage delay, the court is convinced that the interests of justice in having the cause determined upon its merits requires allowance of the amendment to the complaints.[9]

It Is Hereby Ordered:

(1) That the motions for summary judgment are, and must be, denied, except that it is hereby specified that Universal Film Exchanges, Inc., admits the bar of the statute of limitations upon any and all claims arising out of any alleged fraud committed prior to February, 1949;

(2) That the motions to amend the complaints are in all respects granted upon the condition that the striking of paragraphs 7 and 11 and subdivision (b) of paragraph 10 of the complaints will not operate to the prejudice of the defendants.

Exceptions are allowed.

6. Compare: Warner v. First National Bank of Minneapolis, D.C.Minn., 135 F. Supp. 687, affirmed, 8 Cir., 236 F.2d 853.

7. St. Paul Distilling Co. v. Pratt, 45 Minn. 215, 47 N.W. 789; Dairy Region Land Co. v. Paulson, 160 Minn. 42, 199 N.W. 398; Silliman v. Dobner, 165 Minn. 87, 205 N.W. 696; Backe v. Curtis, 139 Minn. 64, 165 N.W. 488; Harding v. Ohio Cas. Ins. Co., supra; Rubenstein, Inc., v. Columbia Pictures Corp., D.C. Minn., 154 F.Supp. 216.

8. Stark v. Equitable Life Assur. Soc., 205 Minn. 138, 285 N.W. 466.

9. Overfield v. Pennroad Corporation, D.C. Pa., 39 F.Supp. 482.