S. S. ARMSTRONG *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

December 17, 1890.

**Carrier—Complaint for Negligence—Single Cause of Action.**—A complaint in an action against a common carrier to whom property had been delivered for transportation alleged negligence in the care of the property while in transit, and also after it had arrived at its destination and remained in the custody of the carrier as warehouseman. *Held*, that this constituted only one cause of action.

**Same— Evidence of Degree of Care Commonly Used. —** Evidence of general custom, or of the amount of care exercised by men in general in similar circumstances, is competent upon the question whether a person exercised ordinary care in the custody of a bailment.

**Same—Expert Evidence—Sufficiency of Stable.**—A witness having special knowledge on the subject, derived from experience in the business, may give his opinion whether a particular stable was a proper and suitable one in which to house horses.

Appeal by defendant from an order of the district court for Jackson county, *Perkins*, J., presiding, refusing a new trial after a verdict of $236.15 for plaintiff.

*Andrew C. Dunn*, for appellant.

*Thos. J. Knox*, for respondent.

MITCHELL, J.   The complaint alleges that at Chicago the plaintiff delivered to defendant, as a common carrier for hire, a certain mare for transportation from Chicago to Lakeland, Minn., and charges negligence on the part of the defendant in the care of the animal while thus in its possession and custody, which caused her sickness and subsequent death.   One paragraph of the complaint charges negligence while the mare was in the possession of the defendant "as such carrier, and otherwise."   Another paragraph charges negligence after the mare arrived at Lakeland and while it there remained and continued in the possession of defendant, for a period of some three days.   This paragraph is stated to be "for a second cause of action."   Before any evidence was introduced, defendant moved that the plaintiff be required to elect on which of the two causes of action he would proceed.   The court denied the motion, and thereupon plaintiff introduced his evidence.   When he rested, the defendant renewed its motion, which the court granted, and thereupon the plaintiff elected to rely for a recovery upon "the second cause of action." The refusal of the court to require plaintiff to elect at the opening of the trial is assigned as error.   Even if the complaint had stated two causes of action, it was not a case requiring an election, as there was no inconsistency between the two.   But, although inaccurately so called, the complaint did not state two causes of action, but only one, to wit, negligence in the care of the property, constituting a breach of defendant's contract of bailment.   There was but a single contract, and the fact that, under it, the degree of care and responsibility imposed on the defendant as carrier while the property was in transit might be greater than that imposed upon it as warehouseman or mere custodian, after it arrived at its destination, and the lapse of a reasonable time for its removal by the owner, would not create two causes of action.   Moreover, even if it had been a case requiring an election, the defendant was not prejudiced by its being made when

plaintiff rested, instead of at the commencement of the trial, as no evidence was introduced which was not admissible under the so-called "second cause of action."

2. The main contention of plaintiff upon the trial was that, after the arrival of the mare at Lakeland, the defendant negligently put her into an unsuitable and unsafe stable, where she was exposed to cold and wind, whereby she became sick with the disease of which she died. Testimony was introduced describing the stable and the state of the weather. The defendant produced a witness, to whose competency to testify on the subject no objection was made, who was asked if this stable was of the character in which farmers and others in the neighborhood were accustomed to keep horses and cattle. This was excluded. We think that the evidence was competent. The amount or degree of care used by men in general in similar circumstances is the test of ordinary care. If this is a matter of common knowledge, of course it would need no proof, but the jury would take notice of it. But it cannot be assumed that the jury were all men who knew the fact as to which this witness was interrogated. *Kelly* v. *Southern Minn. Ry. Co.*, 28 Minn. 98, (9 N. W. Rep. 588;) *Kolsti* v. *Minn. & St. Louis Ry. Co.*, 32 Minn. 133, (19 N. W. Rep. 655;) *Doyle* v. *St. Paul, Minn. & Man. Ry. Co.*, 42 Minn. 79, (43 N. W. Rep. 787;) *O'Malley* v. *St. Paul, Minn. & Man. Ry. Co.*, 43 Minn. 289, (45 N. W. Rep. 440.) The defendant also produced a witness who was a farmer, brought up on a farm in this country, and was acquainted with the stable in question and with the stables in which the people of the country usually keep their horses, and to whose competency as a witness no objection was made, and asked him if, in his judgment, this stable was a suitable place in which to put and keep the mare on her arrival at Lakeland, which was also excluded on plaintiff's objection. This, we think, was also error. The general rule is that the opinion of a witness possessing peculiar skill or knowledge is admissible whenever the subject of inquiry is not one of common knowledge, but is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance. The subject of inquiry in this case, we think, comes within this rule. While it may be quite probable

that in most instances, especially in the agricultural districts, the majority of jurors might have, by experience, as much knowledge regarding the care and housing of horses as any witness, yet this cannot be assumed. It is a subject upon which experience would presumably give a degree of knowledge not possessed by men generally. *Hayward* v. *Knapp,* 23 Minn. 430; *Shriver* v. *Sioux City & St. Paul R. Co.,* 24 Minn. 506; *Krippner* v. *Biebl,* 28 Minn. 139, (9 N. W. Rep. 671.)

As a new trial must be had for these errors, and as the evidence may not then be the same, it is unnecessary to consider the further question whether the evidence was sufficient to support the verdict. We may, however, without deciding the question, remark that, taking it as a whole, it seems to us very weak.

Order reversed.