CLARA J. EMERSON

*vs.*

LEWISTON, AUGUSTA & WATERVILLE STREET RAILWAY.

Androscoggin.   Opinion February 24, 1917.

*Principal of res adjudicata.   "Causes of action" defined.   Judgment between same parties or their privies as a final bar to any other suit for the same cause of action.   Rule as to such judgment being final as to all matters which were tried, as well as to all matters which might have been tried.*

The plaintiff having received an injury while alighting from a car of the defendant on which she was a passenger, brought suit claiming that the car was negligently and carelessly started, thereby throwing her to the ground.   That action was tried and resulted in a judgment for the defendant.   This suit was then brought to recover for the same injury, the writ alleging that the defendant had dug a trench near the rail and left the same open, unguarded and unlighted, so that the plaintiff in stepping from the car to the street fell into the trench.   The presiding Justice ruled that the prior judgment was not a bar to the present suit, and the jury returned a verdict in favor of the plaintiff.   The case comes up on an exception to this ruling, and on a general motion.

*Held:*

1.  In both writs the plaintiff is charged with a violation of its ultimate duty to the defendant, which was to afford her safe egress from the car to the street. Negligently starting the car as she was alighting and negligently allowing her to step from the car into an open trench dug by the defendant and by it allowed to remain open, unguarded and unlighted are both violations of one and the same duty.  The defendant was therefore guilty of but one tort and there was but one cause of action and the judgment upon the merits in the prior action is a complete bar to the maintenance of the present action, being conclusive not only as to all matters that were tried, but as to all that might have been tried.

2.  The doctrine of res judicata is a rule of rest.  It is not based wholly upon the narrow ground of technical estoppel, nor upon the presumption that the former judgment was right and just, but on the broad ground of public policy that requires a limit to litigation.

Action on the case to recover damages on account of the alleged negligence of defendant Company.   Defendant filed a plea of general issue and for brief statement set out: That at the April term, 1914, of the Supreme Judicial Court for the County of Androscoggin and State of Maine, an action was entered in which the plaintiff, defendant and the cause of action were the same as in the present action; that on the ninth day of September term, 1914, said action was tried before a jury, and after the introduction of evidence by the plaintiff and defendant a verdict was returned by the jury for the defendant; that thereafter, to wit, at the September term, 1914, the plaintiff in said cause of action, filed a motion for a new trial, which said motion was overruled for want of prosecution, and thereafter judgment for the defendant was rendered on said verdict; and the defendant claims that by reason of the judgment rendered in said prior action, the plaintiff is estopped from recovering judgment in the present action, said prior judgment being that the plaintiff should take nothing by her writ in respect of the said cause of action therein set forth as by the record of the said court fully appears, and which said judgment is still in full force.   Verdict for plaintiff in sum of $4850. Defendant filed motion for new trial and exceptions to ruling of court.   Exceptions sustained.   New trial granted.

Case stated in opinion.

*McGillicuddy & Morey*, for plaintiff.

*Newell & Woodside*, for defendant.

SITTING: CORNISH, BIRD, HALEY, PHILBROOK, MADIGAN, JJ.

MADIGAN, J. The plaintiff having received an injury while alighting from a car of the defendant, on which she was a passenger, brought suit claiming that the car was started suddenly and carelessly, thereby throwing her to the ground. That action was tried and resulted in a verdict in favor of the defendant. This suit was then brought to recover for the same injury, the writ alleging that the defendant had dug a trench near the rail and left the same open, unguarded, and unlighted, so that the plaintiff in stepping from the car to the street fell into the trench. The presiding Justice, having ruled that the prior judgment was not a bar to the present suit, the jury returned a verdict in favor of the plaintiff. The case comes up on an exception to the ruling and on a general motion.

The general principles of "res judicata" have been repeatedly stated, the difficulty being in their application to the varying facts; all agreeing that a judgment on the merits is a bar to an action between the same parties for the same cause of action. Our own court in *Corey* v. *Independent Ice Co.,* 106 Maine, 485, says "Conceding jurisdiction, absence of fraud, and regularity in proceedings, we think it will not be challenged as a general rule, that a judgment between the same parties, or their privies, is a final bar to any other suit for the same cause of action, and is conclusive not only as to all matters which were tried in the first action, but as to all matters which might have been tried." *Anderson* v. *Wetter,* 103 Maine, 257, defines cause of action as "neither the circumstances that occasioned the suit nor the remedy employed, but a legal right of action. The primary right belonging to the plaintiff, and the corresponding duty belonging to the defendant, and the delict or wrong done by the defendant, consisting in a breach of such primary right or duty, constitute a cause of action. "All damages accruing from a single wrong though at different times, make but one cause of action." *Bendernagle* v. *Cocks,* 19 Wend., 206.

"Where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward the whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of a certain matter, which might have been brought forward, as a part of the subject in contest but which

was not brought forward, only because they have from negligence, inadvertence, or even accident, omitted a part of the case. The plea of "res judicata" applies, except in special cases, not only to the points upon which the court was required to form and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties exercising reasonable diligence, might have brought forward at the time.'" *Beloit* v. *Morgan,* 7 Wallace, 623.

A case analogous to the one under consideration is *M'Knight* v. *Minneapolis Street Railway Co.,* 127 Minn., 207, 149 N. W., 131, L. R. A., 1916 D., page 1164, where the plaintiff was injured while alighting from a street car. In the first suit it was alleged that the defendant suddenly and negligently closed the gate and started a car from which the plaintiff was alighting. This suit resulted in favor of the defendant, and to a second suit alleging that the plaintiff caught her foot on a defective step on the car, the defendant pleaded the prior judgment. In sustaining the defendant's contention, the court remarked:

"In suits based upon negligence, the cause of action is the violation of the ultimate duty to exercise due care that another may not suffer injury. In the instant case the plaintiff was a passenger upon defendant's street car, and it was the duty of defendant to afford her safe egress therefrom. Her claim for damages is grounded upon the charge that the defendant violated such duty. The violation of duty constitutes her cause of action. In the first suit she charges that the defendant violated this duty, by suddenly starting the car, while she was in the act of alighting. In the present suit she charges that defendant violated this duty by providing a defective step, for her use in descending from the car. Both suits are based upon the violation of the ultimate duty to afford safe egress from the car. The second suit 'presents no new cause of action, but only new grounds for relief upon the same cause of action,' and under the authorities cited is barred by the judgment in the former suit. It follows that the decision of the trial court was correct, and must be affirmed."

In *Columb* v. *Webster Manufacturing Co.,* 84 Fed. Rep., 592, 43 L. R. A., 195, the rule is thus stated. "Judgment upon the merits in an action for negligence is a bar to another action for the same injury grounded on the defendant's fault, or negligence, in respect to

the same occurrence, although other elements of negligence are alleged. Justice Aldrich in delivering the opinion of the court suggests: "Is there any safe or reasonable ground upon which a cause of action based upon the supposed negligence of an employer can be treated as divisible? Is there any reason for a rule which would permit a plaintiff by varying his description of negligence, to have a second trial if he fails to succeed upon his first description and proofs, but deny him a second trial, if he does succeed. If the plaintiff recovered in his first suit, could he by varying his description of the negligence and alleging additional negligence bring a second suit and recover? If it be conceded that a second recovery could not be had because the full right of recovery was involved in the description of the defendant's negligence, which the plaintiff employed in the first suit and therefore merged in the judgment favorable to the plaintiff, upon what logic can it be urged that the full right of recovery is not merged in a judgment unfavorable to the plaintiff, based on the same allegations, the same trial, and the same proof."

In *Armstrong* v. *Chicago*, 45 Minn., 85, 47 N. W., 459, the plaintiff sued for injury to an animal while in defendant's custody and inserted two counts in the writ, one charging negligence, while the animal was in defendant's possession as a common carrier, and another charging negligence after the arrival of the animal, at its destination, and while in its custody as a warehouseman. It was held that both suits were for the same cause of action.

In *McCain* v. *Louisville & R. Co.*, 97 Ky., 804, 22 S. W., 325. An action for damages caused by blowing the whistle, after plaintiff had crossed the track, and frightening the plaintiff's horse, was held to be barred by a judgment against the plaintiff in a former action wherein it was alleged that the horse was frightened because the train approached the crossing at a dangerous rate of speed, without giving the usual notice of its approach, whereby the plaintiff was decoyed so near the crossing that his horse became frightened, etc.

*Limatainen* v. *St. Louis River Dam & Improvement Co.*, 137 N. W., 1099. Where the plaintiff, in an action for damages resulting from an overflow caused by the backing up of the water from the defendant's dam, so framed his complaint that he was restricted to proof of certain specific acts as having caused such backing up and overflow, the cause of action was nevertheless predicated upon the defendant's

violation of his ultimate duty to so conduct and maintain its dam as not to violate the rights of the plaintiff, whose lands lay further up the river; and hence a judgment in favor of the defendant in such action was a bar to a subsequent action between the same parties for the same relief sought in the former action, though the allegations of the complaint in the second action were sufficiently broad to admit proof of any and all specific acts or omissions of the defendant in violation of its ultimate obligation to the plaintiff with respect to the maintenance of the dam.

In *Wildman* v. *Wildman,* 70 Conn., 700, plaintiff asked to have deeds set aside. In the first he claimed they had been executed and delivered but cancelled, in the second suit they had been forged. *Held* there was but one cause of action.

In *Cotter* v. *Boston & Northern Street Railway Co.,* 109 Mass., 302, an action for personal injury to a child, was decided in favor of the defendant, on the ground that the plaintiff was not exercising the care of a prudent adult, and that there was no evidence of due care on the part of the parents, in a second action declaration alleged wilful negligence of defendant, and wanton and reckless conduct on the part of its servants, which would make defendant liable, regardless of contributory negligence of plaintiff, or her parents. The court held that the judgment in the first action was an absolute bar to the second one.

A single tort gives rise to a single cause of action, and a plaintiff cannot be permitted to split up a cause of action, and bring more than one suit thereon, the penalty imposed for the violation of this rule being the application of the doctrine of "res judicata." This doctrine is based on the legal maxims that, "A man should not be twice vexed for the same cause" and that "It is for the public good that there should be an end of litigation." *Limatainen* v. *St. Louis River, etc.,* supra.

"The rule of res judicata does not rest wholly on the narrow ground of a technical estoppel. Nor on the presumption that the former judgment was right and just; but on the broad ground of public policy, that requires a limit to litigation, a curb to the litigousness of the obstinate litigant. Like the statute of limitations, it is a rule of rest. *Sargent & Co.* v. *New Hampshire Steamboat Co.,* 65 Conn., 126.

In the case at bar we have a clear instance of "res judicata." The essence of the charges in both writs is that the defendant negligently and carelessly discharged its ultimate duty to the plaintiff, which was to afford her safe egress to the street. Negligently starting the car as she was alighting, and negligently allowing her to step from the car into an open trench, dug by the defendant and by it allowed to remain open, unguarded, and unlighted, are both violations of one and the same duty. Defendant was guilty of but one tort, and there was but one cause of action, and there having been a judgment on the merits in the prior action, it is a bar, not only to the issues that were tried, but also as to all that might have been tried.

*Exception sustained, new trial granted.*