**FERN CONSTRUCTION CO., INC.**

v.

**Richard BINNALL and Hastings & Son, P.A.**

Supreme Judicial Court of Maine.

Argued March 11, 1982.

Decided March 30, 1982.

Arthur H. Bloomberg (orally), Bridgton, for plaintiff.

Schroeder & McLetchie, Erland C. L. McLetchie (orally), Ossipee, Hastings & Son, P.A., David R. Hastings, III (orally), Fryeburg, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Plaintiff appeals from a judgment of the Superior Court, Oxford County, affirming a District Court judgment which discharged defendant Hastings & Son, P.A., as trustee under a writ of attachment on trustee process previously issued. Because the Superior Court affirmed on other grounds not properly before it, we vacate the Superior Court's judgment and affirm the judgment of the District Court with modification.

The facts giving rise to this litigation took place in New Hampshire. Plaintiff, a New Hampshire construction company, seeks in this action payment from defendant Binnall for labor performed as a subcontractor for defendant in the construction of a house in New Hampshire for Carolyn Buskirk. Defendant Binnall previously brought suit against Carolyn Buskirk in New Hampshire in 1979 to recover for services rendered in building her house. He was awarded judgment of $3572.85. Carolyn Buskirk subsequently deposited that amount in an account of her Maine attorney, Hastings & Son, P.A.

In February 1980 plaintiff commenced this action in the Maine District Court, seeking $2125.75 allegedly owed it by defendant. Pursuant to M.R.Civ.P. 4B(h) plaintiff moved for ex parte approval of attachment on trustee process on the funds deposited by Buskirk in her attorney's account. The motion was granted, and the trustee filed a sworn disclosure to summons asserting that the funds held belonged not to defendant Binnall but rather to Carolyn Buskirk. Defendant Binnall moved to dismiss the action on the grounds of lack of jurisdiction, insufficient service of process, lack of proper trustee attachment and *forum non conveniens*. The District Court noted on defendant's motion that the motion was granted and discharged the trustee. The court did not, however, order the complaint dismissed. Upon appeal the Superior Court affirmed the judgment of the District Court on the grounds that Maine courts have no jurisdiction over the action.

Generally appeals may be taken only from final judgments, decrees or or-

ders. *Hazzard v. Westview Golf Club, Inc.,* Me., 217 A.2d 217, 222 (1966); *Fidelity & Casualty Co. v. Bodwell Granite Co.,* 102 Me. 148, 152, 66 A. 314, 316 (1906). A judgment is final if it "fully decides and disposes of the whole cause leaving no further questions for the future consideration and judgment of the Court." *Hazzard v. Westview,* 217 A.2d at 222. Because the District Court in the instant case failed to dispose of the case by ordering the complaint dismissed, the order granting the motion to dismiss was not a final order from which an appeal could be taken. *State v. Baker,* Me., 390 A.2d 1086 (1978). Therefore, the question of the propriety of granting the motion to dismiss was not before the Superior Court and its discussion of jurisdiction was inappropriate.

Although the granting of the motion was not a final judgment, the portion of the District Court's order discharging the trustee was appealable, *Casco Bank & Trust Co. v. Emery,* Me., 416 A.2d 261 (1980); *Loyal Erectors, Inc. v. Hamilton & Son, Inc.,* Me., 312 A.2d 748 (1973) and presumably it was the discharge which plaintiff sought to have reviewed when it filed its appeal. Had the Superior Court addressed this issue, however, it would have been compelled to affirm the District Court's judgment. No record was made of the hearing before the District Court. In lieu of a record plaintiff's attorney filed what purports to be a statement of the proceedings in District Court, pursuant to M.Dist.Ct. Civ.R. 75(c). Although Rule 75(c) permits such a statement to serve as the record on appeal, it must meet two requirements: (1) it must be served on the appellee to give him an opportunity to object to or amend it; and (2) it must be submitted to the court for settlement and approval. The statement filed by plaintiff meets neither requirement and therefore does not suffice as a record on appeal. Without a record the appellant is precluded from demonstrating error in the District Court's decision to discharge the trustee. The judgment below must be affirmed in the absence of demonstrated error. *See Construction Products Co., Inc., v. W. D. Matthews Machinery Co.,* Me., 388 A.2d 916, 918 (1978); *Jacobson v. State, State Highway Commission,* Me., 347 A.2d 426, 427 (1975).

Although we affirm the discharge of the trustee, it is necessary to point out that the District Court was not called upon to allocate the funds in the trustee's account between the trustee and his client. Therefore, the language that the trustee "is directed to return same [funds] to said Carolyn Buskirk minus any charges it might have against said Buskirk for legal services given to this process as well as for services in regard hereto" is not appropriate for inclusion in the court's judgment. Upon remand the District Court should modify to delete that portion of the order.

The entry is:

Superior Court judgment vacated.

Remanded with instructions to order the District Court judgment modified in accordance with the opinion herein and as modified to affirm.

All concurring.