**Lester A. OLSON et al.**

v.

**Rene N. ALBERT, Sr. et al.**

**Jeannine G. ALBERT**

v.

**Rene N. ALBERT, Jr. et al.**

Supreme Judicial Court of Maine.

Argued March 4, 1987.

Decided April 2, 1987.

Albert L. Bernier, (orally), Marden, Dubord, Bernier & Stevens, Waterville, for plaintiffs.

Michael E. Seitzinger, John C. Nivison (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for Rene Albert, Jr.

Lauren C. Folsom (orally), Hiscock & Barclay, Augusta, for Daniel Fredette.

Joseph J. Wathen (orally), Sanborn, Moreshead, Schade & Gifford, Augusta, for Carolyn B. Perry.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

PER CURIAM.

The plaintiffs in these two consolidated actions appeal from the summary judgments entered for the defendants by the Superior Court, Kennebec County.[1] One of the defendants, Rene Albert, Jr., cross-ap-

---

1. These two actions were consolidated by order of the Superior Court. The first action (CV–86–61) was brought by Lester Olson, Lorette Gagne, John and Ruth Jolicoeur, Jeannine Albert, Theresa Dostie, and Jean and Simone Morin against Rene Albert, Sr., Rene Albert, Jr., and Daniel Fredette. Plaintiffs dismissed a count against the City of Augusta. The second action (CV–86–259) was brought by Jeannine Albert against Rene Albert, Jr., Daniel Fredette, and Carolyn Perry.

peals from an order in the second action (CV–86–259). For the reasons hereinafter discussed, we dismiss the cross-appeal and affirm the judgments of the Superior Court. We also determine that the plaintiffs' appeal is frivolous as to the defendant Daniel Fredette and accordingly impose treble costs and attorney's fees against the plaintiffs pursuant to M.R.Civ.P. 76(f).

### I.

The disputes concern the transfer and development of land in and adjacent to a subdivision in Augusta formerly owned by defendant Rene Albert, Sr. In 1960 Albert, Sr. recorded an unrestricted subdivision plan entitled "Division of Rene Albert's Field," showing a street or right of way off Townsend Road approximately 150 feet in length, four numbered lots and additional undivided land. In 1971, Albert, Sr. acquired the property of Ruth Folger (Folger parcel) located on the northerly side of a stone wall that formed the southerly boundary to the Folger parcel and the northerly boundary of land theretofore owned by Albert, Sr. In 1972 he drafted a revised plan depicting 12 additional numbered lots southerly of the stone wall and an area designated as Albert Avenue extending from Townsend Road to the stone wall. The revised plan was never recorded.[2] Between 1965 and 1981 Albert, Sr. transferred all 16 of the lots. In 1982, he conveyed the Folger parcel to Albert, Jr. and Jeannine Albert.

In 1983, Jeannine and Albert, Jr. were divorced. The judgment of divorce awarded lots 3, 4 and 5 of the subdivision to Jeannine, and lots 1 and 2 and the Folger parcel to Albert, Jr. No mention was made of lots 15 and 16 and that portion of Albert Avenue contiguous to these lots that had been granted by Albert, Sr. to Jeannine and Albert, Jr. in 1976. In September 1985 Albert, Jr. through his real estate agent, Carolyn Perry, secured from Jeannine a quitclaim deed to lots 15 and 16 and the adjacent portion of Albert Avenue. In No-

vember 1985 Albert, Jr. conveyed this property together with the Folger parcel to the defendant Daniel Fredette. Following approval by the Augusta Planning Board, Fredette began construction of a 24–unit condominium complex on the Folger parcel. The plans for the project provide for the extension of Albert Avenue to allow access to the development.

The plaintiffs in CV–86–61 alleged that the use of lots 15 and 16 as an integral portion of the condominium project was in violation of an implied restrictive covenant or common scheme limiting the use of the property on Albert Avenue to one-family residences. They further alleged that any extension of Albert Avenue beyond the stone wall forming the southerly boundary of the Folger parcel would also violate such covenant. The plaintiffs sought damages and injunctive relief. The defendants filed motions for summary judgment. The court granted summary judgment for defendant Fredette and in part for the defendants Albert, Sr. and Albert, Jr. The only remaining claims of the plaintiffs are those limited to damages for the alleged fraud of Albert, Sr. and Albert, Jr.[3]

In CV–86–259, brought by Jeannine Albert against Albert, Jr., Fredette, and Carolyn Perry, Jeannine sought annulment of the deed conveying her interest in lots 15 and 16 and the adjoining portion of Albert Avenue to Albert, Jr., reformation of the deed from Albert, Jr. to Fredette to reflect Jeannine's interest in this property and damages. The defendants filed motions for summary judgment. The court entered summary judgment for the defendants Fredette and Perry and in part for the defendant Albert, Jr. The only remaining claim in this action is for damages for the alleged fraud or conversion of the property in issue by Albert, Jr.

In both actions as to those claims that summary judgment had been granted to the defendants, the Superior Court entered final judgments pursuant to M.R.Civ.P.

---

**2.** Nevertheless, the deed from Albert, Sr. to Jeannine and Rene Albert, Jr., and Jeannine's later deed of her interest to Albert, Jr., refer to "Lots 15 and 16."

**3.** The counterclaim asserted by Fredette against the plaintiffs also remains pending.

54(b), and the plaintiffs appeal. The defendant Rene Albert, Jr. cross-appeals from the order entered in CV–86–259.

## II.

■ On appeal, the plaintiffs in CV–86–61 argue that restrictive covenants implied from a "common neighborhood scheme" prevent the use of lots 15 and 16 for anything except single family residences and prevent the extension of Albert Avenue. Additionally they argue that if Albert Avenue were extended beyond the stone wall, then the implied covenant would restrict any construction on the Folger parcel to single family residences. Accordingly, the plaintiffs contend that the trial court erred in granting the defendants' motions for summary judgment. Summary judgment is to be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...." M.R. Civ.P. 56; *Harriman v. Maddocks*, 518 A.2d 1027, 1029 (Me.1986). To determine if a motion for summary judgment has been properly granted, "we view the evidence in the light most favorable to the party against whom the motion has been granted and accord that party the full benefit of all favorable inferences that may be drawn from the evidence." *Trenner v. Slater*, 487 A.2d 625, 626 (Me.1985).

Although we have never adopted the doctrine of implied restrictive covenants, we have noted that many jurisdictions apply the doctrine when all of the following conditions are met:

(1) a common owner subdivides property into a number of lots for sale; (2) the common owner has a "general scheme of development" for the property as a whole, in which the use of the property will be restricted; (3) the vast majority of subdivided lots contain restrictive covenants which reflect the general scheme; (4) the property against which application of an implied covenant is sought is part of the general scheme of development; and (5) the purchaser of the lot in question has notice, actual or constructive, of the restriction.

*Chase v. Burrell*, 474 A.2d 180, 181 (Me. 1984).

The evidence presented to the Superior Court in this case met only the first of the five conditions. The record shows that Albert, Sr. had no general scheme to limit the development of "Rene Albert's Field" subdivision to single family residences. Only four of the sixteen lots were by deed from Albert, Sr. to the grantee restricted to single family residences. The deeds to lots 15 and 16 and the adjoining portion of Albert Avenue contained no restrictions. Finally, the Folger parcel was not delineated on the recorded 1960 subdivision plan or the unrecorded 1972 revision and was never a part of the subdivision. The case for implying a restriction on the extension of Albert Avenue is equally frivolous. None of the deeds to the 16 lots contains such a restriction or promises restrictions in future deeds. The record amply supports the Superior Court's determination that as a matter of law no implied restrictive covenant affecting the use of lots 15 and 16, the Folger parcel or Albert Avenue had been created.

## III.

■ Jeannine Albert, the sole plaintiff in CV–86–259, appeals the summary judgment denying her claim to annulment of her deed to Albert, Jr. and reformation of Albert, Jr.'s deed to Fredette of lots 15 and 16 and the adjoining portion of Albert Avenue and for damages from Carolyn Perry and Fredette. The record clearly reflects that Fredette was a bona fide purchaser for value without notice and that Jeannine Albert was not a party to the deed under which Fredette holds title. Fredette's title is therefore unassailable. *Jones v. Carrier*, 473 A.2d 867, 869 (Me.1984); *Sargent v. Coolidge*, 433 A.2d 738, 741 (Me.1981). There is no evidence in the record suggesting that Carolyn Perry, who merely acted as a messenger between Albert, Jr. and Jeannine, had the requisite knowledge or intent to support a fraud claim against her.

The court properly granted the defendants' motions for summary judgment.

## IV.

 We next address the cross-appeal of Rene Albert, Jr. from the partial denial of his motion for summary judgment in CV–86–259. Generally, an appeal lies only from a final judgment that fully disposes of the matter, leaving no questions for future consideration. *See Hazzard v. Westview Golf Club, Inc.,* 217 A.2d 217, 222 (Me.1966). In contrast to such a judgment, the denial of a motion for summary judgment is a declaration that a triable issue of fact remains. Such denial is an "interlocutory ruling which is reviewable by this Court only upon report under the provisions of Rule 72(c) M.R.C.P." *General Electric Credit Corp. v. Smith,* 230 A.2d 414 (Me.1967); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.1 at 158 (2d ed. 1970). Because there is no final disposition of the fraud or conversion claim of Jeannine in CV–86–259, the cross-appeal of Albert, Jr. from the Superior Court order denying his motion for summary judgment as to that claim is premature and must be dismissed.

## V.

 After review of the brief of the plaintiffs in both actions and listening to oral argument, we agree with Fredette that as to him the plaintiffs' appeal was frivolous and instituted primarily for the purpose of delay, and we impose sanctions pursuant to M.R.Civ.P. 76(f). We note that on two occasions the Superior Court warned plaintiffs that the claims against Fredette "appear to be seriously lacking in merit, perhaps even raising considerations under rule 11 M.R.Civ.P." On a third occasion the court warned plaintiffs' attorney to consider whether an appeal would be frivolous. The appeal of the judgments for the defendant·Daniel Fredette has delayed the finality of those judgments, increased the costs of litigation and served to dissipate the time and resources of this court. Accordingly, the plaintiffs shall pay to Daniel Fredette treble costs and $1,000 toward his attorney's fees.

The entry is:

In CV–86–61 judgment affirmed.

In CV–86–259 cross-appeal dismissed, judgment affirmed.

Plaintiffs shall pay to the defendant Daniel Fredette treble costs and $1,000 toward his attorney's fees in defending this appeal.

All concurring.