**Nancy ODLE**

v.

**Daniel L. PATRICK.**

Supreme Judicial Court of Maine.

Argued Jan. 14, 1988.

Decided March 10, 1988.

Janet T. Mills, Dist. Atty., Craig E. Turner (orally), Asst. Dist. Atty., Auburn, for plaintiff.

Gerard O. Fournier (orally), Robert S. Hark, Isaacson & Raymond, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

Daniel L. Patrick appeals from the denial of his motion to reopen URESA (Uniform Reciprocal Enforcement of Support Act[1]) proceedings before the Superior Court, Androscoggin County. Patrick contends on appeal that the motion justice abused his discretion by denying him an opportunity to contest the issue of paternity, instead giving full faith and credit to a child support order entered against him by an Arizona court in 1972. We conclude that Patrick

---

1. *See* 19 M.R.S.A. §§ 331–420 (1981 & Supp.    1987).

previously had been afforded full opportunity to litigate the issue of paternity and therefore is precluded from relitigating it in this proceeding. Accordingly, we affirm.

Daniel Patrick was married to Nancy Odle on January 1, 1971, in Las Vegas, Nevada. The couple separated almost immediately and Patrick eventually moved to Maine. In March 1972, while living in Maine, Patrick received by registered mail Odle's complaint for divorce and prayer for child support, filed in Arizona Superior Court. Patrick failed to appear in the Arizona Superior Court and a judgment of default was entered against him. The Arizona court granted to Nancy Odle an absolute decree of divorce, awarded her custody of Christopher, the child born to Odle during her marriage to Patrick, and ordered Patrick to pay to Odle $50 per month in child support.

In May 1972, a URESA action was commenced against Patrick in the Superior Court, Androscoggin County. Following a hearing at which Patrick appeared and testified, an order was entered by the Superior Court directing him to pay $12.50 per week for child support. Patrick did not appeal that adjudication.

In April 1977, pursuant to a second URESA petition for child support initiated by Nancy Odle in the State of Washington, Patrick was again ordered to appear in the Superior Court, Androscoggin County. Patrick filed a motion to dismiss the petition on May 3, 1977, on the grounds 1) that the Arizona court issuing the child support order in 1972 had no jurisdiction over him, and 2) that he was not Christopher's father.

On December 14, 1977, following several continuances, Patrick moved that the Superior Court order that blood tests be administered to him, to Odle and to Christopher pursuant to 19 M.R.S.A. § 277 (1981 & Supp.1987).[2] After a hearing in January 1978, the Superior Court granted the motion. Before Ms. Odle and Christopher had

been tested, however, the Superior Court granted the State's motion to dismiss the URESA petition. Patrick did not oppose that dismissal.

In February 1987, the Maine Department of Human Services, the agency responsible for the enforcement of URESA obligations,[3] served upon Patrick a demand for payment of child support. Patrick then filed a motion to reopen the URESA action in order to resolve the issue of paternity. Following the denial of that motion, Patrick appealed.

The Superior Court denied Patrick's motion on the ground that the issue of paternity had been determined in 1972, following Patrick's default, by an Arizona court of competent jurisdiction. Patrick contends that the motion justice erred in granting full faith and credit to the Arizona judgment, since, according to decisional law in 1972, the Arizona court lacked personal jurisdiction over him. We do not address the merits of Patrick's argument because we affirm the court's decision on a different ground.

In 1972, the identical issue was litigated between these same parties and finally resolved against Patrick by the Maine Superior Court. The court found that Patrick was the father of Christopher and ordered him to pay $12.50 per week for child support. Patrick never appealed from that judgment, but instead has attempted to reassert his non-paternity defense during two subsequent URESA proceedings in 1977 and 1987. Upon the expiration of the appeal period, that 1972 judgment became final. The factual determination of paternity status made in 1972 is conclusive between the same parties in subsequent proceedings. Although questions of the amount and frequency of support payments may be reopened on a proper showing, the doctrine of res judicata precludes relitigation of Patrick's status as the father of Christopher. *Restatement (Second) of Judgments* §§ 27, 31 (1982). The Superior

---

**2.** 19 M.R.S.A. § 277 provides that the court may order the parties to a paternity action and the child to submit to blood tests to aid in determining paternity.

**3.** *See* 19 M.R.S.A. § 495 (Supp.1987).

Court committed no error in refusing to reopen the URESA proceeding.

The entry is:

Judgment affirmed.

All concurring.