Edward A. and Glenys M. GURSKI

v.

Stephen and Deborah CULPOVICH.

Supreme Judicial Court of Maine.

Argued March 7, 1988.
Decided April 21, 1988.

Joseph M. Jabar (orally), Waterville, for plaintiff.

Roger J. Katz, Peter B. Bickerman (orally), Lipman & Katz, Augusta, for defendant.

Before McKUSICK, C.J., and
NICHOLS, ROBERTS, WATHEN and
GLASSMAN, JJ.

GLASSMAN, Justice.

The defendants, Stephen and Deborah Culpovich, appeal from the judgment of the Superior Court, Kennebec County, entered on the jury's verdict awarding $50,000 to the plaintiffs, Edward A. and Glenys Gurski, on the Gurskis' complaint alleging that the Culpoviches had intentionally inflicted emotional distress on the Gurskis. The Culpoviches challenge several evidentiary rulings made by the trial court and the sufficiency of the evidence to support the jury's verdict. Because we hold that the trial court properly exercised its discretion in ruling on the challenged testimony, and the evidence is sufficient to support the verdict, we affirm the judgment.

Edward and Glenys Gurski and Stephen and Deborah Culpovich had been adjoining property owners on Central Avenue in Waterville since 1977. Since 1979, the Gurskis and the Culpoviches have been involved in a series of accusations, counter accusations and law suits, culminating in the present action filed by the Gurskis in 1982.

We first address the Culpoviches' assertion that the trial court erred in denying their motion in limine to exclude evidence relating to a previously dismissed malicious prosecution claim brought by the Gurskis against the Culpoviches. In November 1979, Deborah Culpovich filed criminal threatening charges against Edward Gurski as a result of an altercation between them. Gurski was acquitted and filed a malicious prosecution suit against Deborah Culpovich in 1980. This suit was dismissed for want of prosecution, pursuant to M.R. Civ.P. 41(b).[1] The Gurskis' complaint in the instant suit included an allegation that the Culpoviches "falsely accused the Plaintiffs of criminal conduct." The Culpoviches moved for partial summary judgment on the Gurskis' claim, arguing that the Gurskis were attempting to relitigate the previously dismissed malicious prosecution claim. The Superior Court, applying principles of res judicata, granted partial summary judgment for the Culpoviches on the malicious prosecution claim.

The Culpoviches then moved to exclude from trial any evidence that would have been the basis for the dismissed malicious prosecution claim, arguing that principles of res judicata barred the use of this evidence at the trial of the claim for the intentional infliction of emotional distress. The Superior Court denied the motion. The Culpoviches argue that introduction in evidence of circumstances surrounding the criminal charge and subsequent malicious prosecution claim constitutes reversible error.

Res judicata, or claim preclusion, bars relitigation of a cause of action between the same parties or their privies once a valid final judgment has been entered in

---

**1.** M.R.Civ.P. 41(b)(3) provides in pertinent part: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) ... operates as an adjudication upon the merits."

an earlier suit on the same cause of action.[2] *Beegan v. Schmidt,* 451 A.2d 642, 644 (Me. 1982). Clearly, the earlier malicious prosecution suit and the instant emotional distress suit involved the same parties. The dismissal for want of prosecution, pursuant to M.R.Civ.P. 41(b), of the cause of action for malicious prosecution operated as an adjudication on the merits of that cause of action with res judicata effect. Accordingly, the trial court properly granted the Culpoviches' motion for summary judgment as to that claim in the instant suit. M.R.Civ. P. 41(b)(3); *Kradoska v. Kipp,* 397 A.2d 562, 567 (Me.1979). However, the Gurskis in their claim for the intentional infliction of emotional distress are not relitigating the cause of action for the alleged malicious prosecution.

In *Beegan v. Schmidt,* 451 A.2d at 645–46, we reaffirmed our commitment to the "transactional test" for use in determining when a set of facts qualifies as a cause of action for res judicata purposes. We defined a cause of action as the "aggregate of connected operative facts that can be handled together conveniently for purposes of trial." *Id.* at 645 (citing 1 Field, McKusick & Wroth, *Maine Civil Practice* § 18.1 at 360 (2d ed. 1970)). In affirming the trial court's dismissal of Beegan's second complaint as barred by a judgment entered against Beegan on an earlier complaint by Beegan against the same defendant, we noted that the second complaint made no additional factual allegations as to the defendant's wrongful acts; that both complaints alleged essentially the same facts over the same period of time; and both claimed the same injury and damages as a result of the same violation of the same legal duty. *Id.* at 647–48.

■ The instant case does not involve the relitigation of one cause of action, but the use of evidence that is relevant to two different causes of action. Introduction into evidence during the trial of the emotional distress claim of the fact that Deborah Culpovich filed criminal charges against Edward Gurski does not amount to relitigation of the malicious prosecution cause of action. Although the Gurskis are precluded from relitigating the malicious prosecution cause of action, they are not precluded from litigating issues of fact common to the two different causes of action. Because no issue of fact was actually tried in the malicious prosecution action, the judgment of dismissal of that action pursuant to Rule 41(b) does not bar the Gurskis from presenting any factual issue in this case.

■ We next address the Culpoviches' contention that the trial court erred in excluding as irrelevant, evidence of the conduct of the Gurskis' son and evidence concerning the Gurskis' opportunity to purchase the Culpoviches' home after the dispute between the parties arose. The trial court is accorded wide discretion in its determination whether proffered evidence is relevant. *Bourette v. Dresser Industries, Inc.,* 481 A.2d 170, 174 (Me.1984); Field & Murray, *Maine Evidence* § 401.1 at 77 (2d ed. 1987). A trial court's decision to exclude or admit evidence on relevancy grounds is not reviewable without a clear showing of an abuse of the court's discretion. *State v. Gagnon,* 383 A.2d 25, 31 (Me.1978). Our review of the record reveals that the trial court properly exercised its discretion in excluding the challenged testimony as irrelevant. M.R.Evid. 402.

■ Finally, we address the Culpoviches' contention that the evidence adduced at trial is insufficient to support the jury's verdict on the Gurskis' claim for the intentional infliction of emotional distress. To recover for the intentional infliction of emotional distress, the Gurskis must establish that 1) the Culpoviches acted intentionally or recklessly or were substantially certain that severe emotional distress would result from their conduct; 2) the Culpoviches' conduct was so extreme and outrageous as to exceed "all possible bounds of decency" and must be regarded as "atrocious and utterly intolerable in a civilized communi-

---

**2.** Collateral estoppel, or issue preclusion, prevents relitigation in a second action of an issue of fact actually litigated and decided in the earlier action. *Beegan v. Schmidt,* 451 A.2d at 644; *Restatement (Second) of Judgments,* § 17 comments a, b, c (1982).

ty"; 3) the Culpoviches' conduct caused the Gurskis emotional distress; 4) the Gurskis' emotional distress was severe so that "no reasonable man could be expected to endure it." *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me.1979) (adopting the rule of liability stated in *Restatement (Second) of Torts* § 46 (1965)).

The Culpoviches concede the elements of causality and the severity of the Gurskis' emotional distress. They argue, however, that the evidence does not establish that their conduct was intentional or extreme and outrageous. Elements of intent and the extreme and outrageous nature of the alleged conduct are questions of fact for the jury. *See Rubin v. Matthews International Corp.*, 503 A.2d 694, 699 (Me.1986); *Restatement (Second) of Torts* § 46 comment h, at 77 (1965). On appeal, we will not disturb a jury verdict "that is supported by any credible evidence if the jury could rationally reach the result it did." *True v. Ladner*, 513 A.2d 257, 265 (Me.1986). Our review of the record in the light most favorable to the Gurskis discloses ample evidence from which the jury rationally could have found all the elements of the claimed intentional infliction of emotional distress. *See Jourdain v. Dineen*, 527 A.2d 1304, 1306 (Me.1987).

The entry is:

Judgment affirmed.

All concurring.