**Leon E. BARD, Jr.**

v.

**BATH IRON WORKS CORPORATION.**

Supreme Judicial Court of Maine.

Argued Jan. 4, 1990.
Decided Jan. 25, 1990.

Elliott L. Epstein (orally), Isaacson & Raymond, Lewiston, for plaintiff.

Constance P. O'Neil, Arlyn H. Weeks (orally), Conley, Haley & O'Neil, Bath, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

The sole contention of Leon E. Bard, Jr. on this appeal is that the Superior Court (Kennebec County, *Alexander, J.*) erroneously granted the motion of Bath Iron Works Corporation (BIW) to remove Bard's claim against BIW from the list of cases to be tried before a jury. Because the Superior Court's order was not a final judgment of the case, we dismiss Bard's appeal.

Bard was employed by BIW as a quality assurance inspector until his discharge in September 1986. In response to his dismissal he filed a multicount complaint against BIW, alleging a breach of contract, wrongful discharge, a breach of an implied covenant of good faith and fair dealing, and a violation by BIW of the Maine "Whistleblowers' Protection Act," 26 M.R.S.A. §§ 831–840 (Pamph.1985) (Act). At the time the complaint was filed the Act allowed such claims to be tried to a jury in the Superior Court. 26 M.R.S.A. § 840 (Pamph.1985).[1] The legislature later repealed and replaced this provision. P.L. 1987, ch. 782, § 9.[2] The pretrial conference report placed all the counts of Bard's complaint on the jury trial list. After a hearing, the court granted BIW's motion for a summary judgment as to all the counts of Bard's complaint except that count alleging a claim under the Act. The court, after a subsequent hearing, granted BIW's motion to remove the count alleging a claim under the Act from the jury trial list, and Bard appeals.

---

1. 26 M.R.S.A. § 840 provided:
   Any action brought under this subchapter may be heard by a jury. Nothing in this subchapter may be construed to derogate any common-law rights of an employee.

2. The replacement statute, 26 M.R.S.A. § 840 (1989), provides: "Nothing in this section may be construed to derogate any common-law rights of an employee." `

   At the same time, by P.L.1987, ch. 782, § 6, the Legislature enacted 26 M.R.S.A. § 834–A (1989) allowing all claims under the Act to be brought before the Human Rights Commission.

It is well established that "[a]ppeals, in order to be cognizable, must be from a final judgment." *In re Erica B.*, 520 A.2d 342, 343 (Me.1987). This judicially created prudential rule is a "strong policy running through the Maine cases...." 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.1, at 156 (2d ed. 1970). The operation of the final judgment rule prevents piecemeal appeals. *Valdastri v. City of Bath*, 521 A.2d 691, 692 (Me.1987), and

helps curtail interruption, delay, duplication and harassment; it minimizes interference with the trial process; it serves the goal of judicial economy; and it saves the appellate court from deciding issues which may ultimately be mooted, thus not only leaving a crisper, more comprehensible record for review in the end but also in many cases avoiding an appeal altogether.

*State v. Maine State Employees Ass'n*, 482 A.2d 461, 464 (Me.1984). Interlocutory orders lack such requisite finality and are generally not appealable unless they fall within a recognized exception to the final judgment rule. *Blessing v. Dow Chemical Co.*, 521 A.2d 1176, 1178 (Me.1987); *Connors v. International Harvester Co.*, 437 A.2d 880, 881 (Me.1981). In the present case, Bard contends that the interlocutory order removing his claim under the Act from the jury trial list falls within the "judicial economy" exception to the rule. We disagree. As we have stated, the judicial economy exception to the final judgment rule "is reserved for those rare cases in which appellate review of a non-final order can establish a final, or practically final, disposition of the entire litigation." *State v. Maine State Employees Ass'n*, 482 A.2d at 465.

The judicial economy exception, seldom applied, embraces several perspectives; chief among them is that use of judicial resources *before* an appeal that would most expeditiously finally determine all the issues presented in the case. In unusual instances this can be accomplished by reviewing an interlocutory order. In the ordinary course of appellate review, however, this desirable goal is seldom possible, and a litigant should not claim this exception merely to disguise what is otherwise a presentation of the merits of a particular case prior to their consideration in the appropriate trial court.

We are cognizant of the summary judgments that have been granted to BIW on the other claims set forth in Bard's complaint as well as the many grounds for appeal that may arise in the course of the trial of a case. Accordingly, we find no merit in Bard's argument that the granting of an appeal on the issue of his right to a jury trial "would prevent an appeal and retrial of his case later on." Clearly, a review of such a non-final order in this instance cannot dispose of the entire case and would have little or no effect on its litigation. Accordingly, we hold that Bard's appeal does not come within the judicial economy exception to the final judgment rule and is unripe for review. We also find no merit in Bard's further argument that his appeal comes within the "extraordinary circumstances" exception to the final judgment rule.

The entry is:

Appeal dismissed.

All concurring.