**DEPARTMENT OF HUMAN SERVICES**

v.

**Victor G. LOWATCHIE.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1989.
Decided Jan. 30, 1990.

198 ■

James E. Tierney, Atty. Gen., Christopher C. Leighton, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Gerald F. Petruccelli (orally), Petruccelli, Cox & Martin, Portland, Henry N. Berry, III, South Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, Victor G. Lowatchie, appeals from the denial of a motion for summary judgment entered in the Superior Court (Cumberland County, *Fritzsche, J.*) in this paternity action brought by the Department of Human Services (Department).[1] Lowatchie contends that an earlier paternity action brought against him by the Department that was dismissed in 1981 for want of prosecution pursuant to M.R.Civ.P. 41(b)(1), precluded the filing of this identical second suit. The Department maintains

1. *See* 19 M.R.S.A. §§ 271–287 (1981 & Supp. 1989).

2. Both the instant complaint and the earlier action were brought by the Department of Human Services pursuant to 19 M.R.S.A. § 272 (1981) to recover amounts paid to the children's mother.

that this appeal is interlocutory and must be dismissed. The Department also contends that the Superior Court was correct in determining that principles of res judicata are inapplicable to cases such as this presenting domestic relations issues. The unique circumstances of this case require us to apply an exception to the final judgment rule and to reach the merits of the case. Because the prior judgment was res judicata, we vacate the Superior Court's denial of summary judgment and remand the case for entry of judgment for Lowatchie.

In October 1988, the Department filed a two-count complaint against Lowatchie to establish the paternity of Crystal and Corrina B.[2] Lowatchie denied the allegations of that complaint and pleaded the affirmative defenses of res judicata and laches. The basis of Lowatchie's defense is the dismissal with prejudice of an earlier action brought by the Department in 1979 to establish the paternity of the same two children. Lowatchie maintains that the District Court's (Portland, *Ross, J.*) dismissal, pursuant to M.R.Civ.P. 41(b)(1), of the earlier action for want of prosecution amounted to an adjudication on the merits that prevents the Department from bringing the action a second time. The Superior Court denied Lowatchie's motion for summary judgment upon the ground that res judicata could not bar a subsequent suit in cases involving issues of domestic relations.

Lowatchie's motion for report of the case to this court, pursuant to M.R.Civ.P. 72(c),[3] was denied by the Superior Court. After his subsequent motion for reconsideration of the denial of summary judgment and a request for a hearing on the matter were also denied, Lowatchie filed this appeal.

## I.

■ We first address the Department's contention that Lowatchie's appeal must be

3. Reporting a case under M.R.Civ.P. 72 is a method of securing appellate review of an interlocutory ruling. *Olson v. Albert,* 523 A.2d 585, 589 (Me.1987). Despite being requested to do so, the Department refused to join with Lowatchie in moving the court to report the case to the Law Court. *See* M.R.Civ.P. 72(a).

dismissed because no final judgment has been entered. It is not disputed that the Superior Court's denial of Lowatchie's motion for summary judgment is not a final judgment. *Olson v. Albert*, 523 A.2d 585, 589 (Me.1987). This court has long noted that only final judgments are ripe for appellate review. *Bard v. Bath Iron Works Corp.*, 568 A.2d 1108 (Me.1990); *Fern Const. Co. v. Binnall*, 443 A.2d 67, 68–69 (Me.1982); *Fidelity & Casualty Co. v. Bodwell Granite Co.*, 102 Me. 148, 152, 66 A. 314, 316 (1906); M.R.Civ.P. 73(a).

"The judicially created final judgment rule is based on sound reasoning. Among other goals, it promotes judicial economy and curtails interruption, delay, duplication and harassment. The rule saves an appellate court from deciding issues that may later be mooted by proceedings in other courts...." *In re Erica B.*, 520 A.2d 342, 343 (Me.1987) (citing *State v. Maine State Employees Ass'n*, 482 A.2d 461, 464 (Me. 1984)). Exceptions to the final judgment rule have been recognized and applied in those instances where its application would not further its purpose. *Maine State Employees Ass'n*, 482 A.2d at 464. While these exceptions have been described as "few, narrow and well-defined," *id.*,[4] we have not hesitated to apply them in appropriate circumstances. We have also noted that additional exceptions to the final judgment rule may be created if the extraordinary circumstances of a case warrant doing so. *Id.* at 465; *Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 77 (Me.1980).

One of the recognized exceptions to the general rule that an appeal may be taken only from a final judgment is applied when the interests of judicial economy dictate that the merits of the case should be addressed immediately. *Milstar Mfg. Corp. v. Waterville Urban Renewal Auth.*, 351 A.2d 538, 541 (Me.1976). This judicial economy exception is appropriately used when "review of a non-final order can establish a final, or practically final, disposition of the entire litigation," *Maine State Employees*

*Ass'n*, 482 A.2d at 465, and the interests of justice require that immediate review be undertaken. *Munsey, Exec. v. Groves*, 151 Me. 200, 202, 117 A.2d 64, 66 (1955); *see also Packard v. Whitten*, 274 A.2d 169, 175 (Me.1971). Both of those factors are present in this case.

The Superior Court ruled that the prior judgment did not have res judicata effect in this subsequent action, not because of factual disputes that could affect the applicability of the prior judgment to this case, but because this paternity action could not, as a matter of law, be barred by the prior judgment. Our review of the merits of that ruling can establish "a final ... disposition of the entire litigation." *Maine State Employees Ass'n*, 482 A.2d at 465. Moreover, justice compels us to apply an exception to the final judgment rule in this case. Were we to dismiss this appeal because of the lack of a final judgment, on remand the Department would be allowed to pursue, and Lowatchie would be required to defend, an identical case involving the identical parties and the identical issue as the case brought by the same state agency ten years ago and dismissed *with prejudice* seven years before the instant action was filed. That result would not only not serve the purposes of the final judgment rule, particularly the promotion of judicial economy and the curtailment of duplication and harassment, *Erica B.*, 520 A.2d at 343, (especially in this case, harassment by a state agency) but would also seriously undermine the integrity of the prior valid judgment and the principles of res judicata upon which Lowatchie is entitled to rely.

> The application of res judicata is an indication[ ] of the natural aversion of the court to protracted litigation and multiplicity of action. It is against public policy that controversies should not have an end; the public should not be called on to bear the expense of two trials where one will suffice. Nor should

> *State v. Maine State Employees Ass'n*, 482 A.2d 461, 464–65 (Me.1984).

---

4. The generally recognized exceptions to the final judgment rule are the "death knell," "collateral order" and "judicial economy" exceptions.

parties be called on to pay the bills for two suits where one only is necessary. *Pillsbury v. Kesslen Shoe Co.*, 136 Me. 235, 238, 7 A.2d 898 (1939). Our dismissal of this appeal under the final judgment rule would result in Lowatchie being twice vexed on the same issue, the very harassment the doctrine of res judicata is designed to prevent. *Emerson v. Lewiston, Augusta & Waterville St. Ry.*, 116 Me. 61, 66, 100 A. 3 (1917); *Foss v. Whitehouse*, 94 Me. 491, 497–98, 48 A. 109 (1901). *See also Beegan v. Schmidt*, 451 A.2d 642, 646 & n. 5 (Me.1982). Moreover, the oppressive harassment comes at the hands of the Department, a state agency. Though we are mindful of the importance of the final judgment rule, in this case involving the refusal of the trial court to give effect to an admittedly valid prior judgment involving the identical parties and the identical issue, we are moved in the interest of judicial economy and by the integrity due prior judgments, to address the merits of the appeal in order to prevent oppressive action by a state agency.

## II.

■ The prior judgment on which Lowatchie relies to bar this action resulted from the District Court's 1981 dismissal under M.R.Civ.P. 41(b)(1)[5] of an identical suit brought against him by the Department. We have long recognized that such a dismissal, under the language of M.R.Civ.P. 41(b)(3),[6] operates as an adjudication on the merits of the claim dismissed. *Gurski v. Culpovich*, 540 A.2d 764, 766 (Me.1988); *Kradoska v. Kipp*, 397 A.2d 562, 567 (Me. 1979). *See* 1 *Restatement (Second) of Judgments* § 19, comment b(2)(b), at 163 (1982). That dismissal becomes a valid final judgment upon which the parties and the courts can rely and "bars another action by the plaintiff on the same claim." *Restatement (Second) of Judgments, su-*

*pra* § 19, at 161. After the expiration of the appeal period, relief from such a judgment may be obtained only under the provisions of M.R.Civ.P. 60(b), an avenue not pursued by the Department. The principle of res judicata is grounded on concerns for judicial economy, the dignity due final judgments and certainty for litigants. *Beegan*, 451 A.2d at 646 & n. 5.

■ The Department in the instant action seeks to establish Lowatchie's paternity of two children. The prior action, dismissed under M.R.Civ.P. 41(b)(1), sought the same determination as to the same two children. Contrary to both the ruling of the Superior Court and the contention of the Department that domestic relations issues are not subject to principles of res judicata in the same way as are other areas of the law, res judicata forecloses the relitigation of the fact of paternity established in an earlier proceeding. *Odle v. Patrick*, 538 A.2d 770, 771 (Me.1988). Unlike alimony, child support or custody, or even grounds for divorce, paternity is a status not subject to change and is fully subject to the principles of res judicata. *Id.* (citing 1 *Restatement (Second) of Judgments* §§ 27, 31 (1982)). Having failed to seek relief from the valid judgment under M.R. Civ.P. 60(b), the Department is barred from again seeking to establish Lowatchie's paternity in this duplicate action.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment for the defendant.

ROBERTS, WATHEN, GLASSMAN and COLLINS, JJ., concurring.

HORNBY, Justice, dissenting.

An exception to the final judgment rule as broad as the Court's definition of "judicial economy"—namely, any instance when

---

**5.** M.R.Civ.P. 41(b)(1) provides:

(1) *On Court's Own Motion.* The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for *want* of prosecution at any time more than two years after the last docket entry showing

any action taken therein by the plaintiff other than a motion for continuance.

**6.** M.R.Civ.P. 41(b)(3) provides in pertinent part:

(3) *Effect.* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

our decision can serve the "interests of justice" and dispose finally of the entire litigation—ensures that virtually every trial court decision rejecting a res judicata defense will now be appealed on an interlocutory basis. And how shall we distinguish rejection of other affirmative defenses? The same argument—that it is unfair to have to litigate the case at all and that it should be terminated immediately—can be made on appeal by a defendant who has unsuccessfully pleaded any one of a number of other affirmative defenses such as accord and satisfaction; arbitration and award; payment; release; or the statute of limitations. In all such instances the policy behind the affirmative defense is to avoid further litigation, just as with this defendant's res judicata defense, and every trial court docket shows that large corporations and ordinary individuals can file harassing lawsuits as well as a state agency can. But the final judgment rule is premised in part on the sensible proposition that 99 out of 100 times the trial justice will rule correctly and that the occasional error will receive a sufficient although not perfect cure by review after a final judgment is entered.[1] It is true that in the few cases of trial court error the need to go through a trial means that the policy behind the affirmative defense may not be completely served, but that consequence is better than having this Court review every affirmative defense on an interlocutory basis.[2]

Despite the attractiveness of this defendant's res judicata defense, I would not reach that issue at this interlocutory stage, but would dismiss for lack of a final judgment.

**1.** The cases the Court cites do not support an interlocutory appeal here. *State v. Maine State Employees Ass'n,* 482 A.2d 461 (Me.1984), *rejected* an interlocutory appeal and described the judicial economy exception to the final judgment rule as reserved for "rare cases." *Accord, In re Erica B.,* 520 A.2d 342 (Me.1987). In *Milstar Mfg. Corp. v. Waterville Urban Renewal Auth.,* 351 A.2d 538 (Me.1976), the Court already had the case before it on report in any event. In *Packard v. Whitten,* 274 A.2d 169 (Me.1971), a defendant's appeal from a final judgment in favor of one taxi-cab occupant involved in an automobile accident was properly before the Court. The defendant had also appealed judgments of liability rendered in favor of two other occupants, but those judgments were interlocutory because the issue of damages had been deferred. Since the first case was properly before the court and raised identical liability issues to the other two, the Court decided to rule on liability in all three. Finally, *Bar Harbor Banking & Trust Co. v. Alexander,* 411 A.2d 74 (Me.1980), was an extraordinary case where the Superior Court had enjoined another branch of government from carrying out its statutorily authorized duties. The Court heard the interlocutory appeal to "safeguard the separation of powers" and avoid disruption of the executive department's functions. None of these cases was a simple rejection of an affirmative defense like res judicata.

The only case the Court cites that is even close to this case is *Munsey v. Groves,* 151 Me. 200, 117 A.2d 64 (1955). There the Court permitted an interlocutory appeal by a defendant whose motion to dismiss for lack of personal jurisdiction had been denied. There is no other suggestion in our case law that a denial of an affirmative defense like lack of personal jurisdiction is immediately appealable. I believe that the *Munsey* case is not a precedent that should be expanded or even followed.

**2.** Even if we ultimately decide in most such cases that our decision will *not* dispose finally of the entire litigation or serve the interests of justice, we will first have to review the interlocutory appeal to make that determination. We can be sure that every lawyer with a rejected res judicata defense will feel duty bound to his or her client to appeal the issue immediately for such review, because it offers the possibility of quickly terminating the litigation.