**Huey JANDREAU**

v.

**Dr. Jose RODRIGUEZ.**

Supreme Judicial Court of Maine.

Nov. 23, 1971.

Daviau & Geller by Jerome G. Daviau, Waterville, for plaintiff.

Locke, Campbell & Chapman by Joseph B. Campbell, Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

On appeal by the plaintiff from the dismissal by the Justice below of a motion that the defendant be found guilty of contempt of court.

During the pendency of this civil action (medical malpractice), the plaintiff took the deposition of a doctor. Subsequently, the defendant wrote the deponent a letter describing the technique used in the surgical procedure under attack and included the following sentences:

"I would like to have the opportunity to discuss with you at some length, your testimony in the case of Huey Jandreau.

As you can well understand, this is very important to me, as my professional prestige is at stake.

\*     \*     \*     \*     \*     \*

Your statements could be misinterpreted by lay people as inferring that a metallic retractor should not be used in this type of surgery and I cannot believe that this was your intention."

These statements are the only reasons asserted by the plaintiff to support his allegation that the "Defendant is guilty of contempt of court" by attempting to persuade or induce the deponent to testify contrary to his previous testimony. A Justice of the Superior Court dismissed the contempt motion reasoning:

"If the alleged contempt is of a criminal nature it should be prosecuted by the State. As alleged, it is classified as a criminal contempt. Even if it were a civil contempt there would have to be a show cause order and a hearing by a Judge other than the Judge hearing the whole case on its merits."

The motion which prompted the ruling complained of was served pursuant to M.

R.C.P., Rule 5(a) and filed by plaintiff's attorney as required by subdivision (d) of this rule. It is thus distinguished from original process and becomes part of the docketed papers in the original action. We conceive it to be an interlocutory motion and, a fortiori, the ruling of the Justice below is interlocutory, which term is defined as "something intervening between the commencement and the end of a suit which decides some point or matter, but is not a final decision of the whole controversy." Black's Law Dictionary, (4th Ed.), page 952. *See* State ex rel. State Highway Commission v. Quesenberry, (1963) 72 N. M. 291, 383 P.2d 255, 257. The ruling did not decide, dispose of, or conclude the rights of the plaintiff in the basic action, and cannot be considered a final judgment therein.

The jurisdiction of the Law Court has statutory limitations which include "questions of law arising on reports of cases, including interlocutory orders or rulings of such importance as to require, in the opinion of the justice, review by the law court before any further proceedings in the action * * *." 4 M.R.S.A. § 57. Our Rules of Civil Procedure provide a method of review of interlocutory rulings.

"Report of Interlocutory Rulings. If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action ought to be determined by the Law Court before any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein." M.R.C.P., Rule 72(c).

Rule 72(c) has been said to be a "major breach" in the final judgment rule, but its proper use is premised on a motion for the report by the aggrieved party and a certification by the trial judge that a question of law is involved which ought to be determined before any further proceedings are taken. Field, McKusick and Wroth, Maine Civil Practice, Comment 72.6. The record before us does not show a compliance with this rule.

■ Subject to certain exceptions which are not present here, an appeal to the Law Court lies only from and after a final judgment, decree or order. Hazzard v. Westview Golf Club, Inc. (Me.1966) 217 A.2d 217. Interlocutory rulings are reviewable by the Law Court only upon report under the provisions of M.R.C.P., Rule 72(c). General Electric Credit Corp. v. Smith, (Me.1967) 230 A.2d 414. The reasons supporting our rule find strong support in several Maine cases proscribing piecemeal appeals. *See*, Fidelity & Casualty Co. v. Bodwell Granite Co., (1906) 102 Me. 148, 66 A. 314; Hand, Admr. v. Nickerson, (1953) 148 Me. 465, 95 A.2d 813; Field, McKusick & Wroth, Maine Civil Practice, Comment 73.1.

■ Whether the motion alleged a civil or a criminal contempt, or whether the plaintiff adopted the correct procedure to bring the issue of contempt before the trial court, need not be decided. Should the case go to final judgment and be reviewed on a proper appeal, the Civil Rules provide means whereby the correctness of the ruling complained of can be determined.

Since the ruling appealed from is clearly interlocutory, we conclude that the appeal is premature and must be dismissed as improvidently taken. General Electric Credit Corp. v. Smith, supra.

So ordered.

All justices concurring.