Joseph **VALDASTRI**, et al.

v.

**CITY OF BATH**, et al.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1987.

Decided Feb. 25, 1987.

for a conditional use permit. We dismiss the appeal for want of final judgment.

## I.

This case was brought before the Superior Court for appellate review pursuant to Rule 80B of the Maine Rules of Civil Procedure. The Board had rejected the plaintiffs' application for a conditional use permit under the City's zoning ordinance because the plaintiffs' application did not meet noise and neighborhood-compatibility requirements set forth in that ordinance. Stating that it needed more information, the Board in its decision reserved judgment on whether the plaintiffs' application complied with the ordinance's drainage and parking requirements. The plaintiffs subsequently filed a complaint against the City pursuant to Rule 80B seeking to overturn the Board's decision on the grounds that the noise and neighborhood-compatibility requirements were unconstitutionally vague. The Superior Court agreed with the plaintiffs on that issue, and ordered the case remanded to the Board with instructions to issue to plaintiffs a conditional use permit unless they failed to meet the parking and drainage requirements. From the record, it appears that before the Board heard the case on remand from the Superior Court, the City filed a notice of appeal to this Court.

Levenson and Vickerson, David Bnneman (orally), Portland, for plaintiffs.

Roger R. Therriault (orally), Bath, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The defendant, City of Bath (City), appeals from a judgment entered by the Superior Court (Sagadahoc County) in favor of the plaintiffs, Joseph and Michelle Valdastri. The Superior Court reversed a decision of the Bath Zoning Board of Appeals (Board) denying the plaintiffs' application

## II.

We dismiss this appeal for lack of a final judgment. Were we at this time to affirm the Superior Court's ruling on the noise and neighborhood-compatability issues, the zoning board, after hearing on remand, could still deny the permit on grounds of insufficient provision for parking and drainage. The final judgment rule is designed to prevent such piecemeal appeals. *See State v. Maine State Employees Association,* 482 A.2d 461, 464 (Me. 1984). *See also* 9 *Moore's Federal Practice* ¶ 110.07 (1985).

When the Superior Court remands to an administrative board or agency for the purpose of having it take further action reviewable by the Superior Court, the court

should retain jurisdiction awaiting the outcome of those further administrative board or agency proceedings. *Cf. Wheeler v. Maine Unemployment Insurance Commission,* 477 A.2d 1141, 1145 (Me.1984) (on appeal after a Superior Court remand without retention of jurisdiction, we must examine the nature of the remand order to determine whether a final judgment has been rendered).

The entry is:

Appeal dismissed. Remanded to the Superior Court with instructions to retain jurisdiction while the case is remanded to the Board for decision on whether the plaintiffs' application for conditional use permit meets the drainage and parking requirements of the City's ordinance.

All concurring.