Tizz **CROWLEY–KING**

v.

**KENNEBEC VALLEY RADIOLOGY, P.A.**

Supreme Judicial Court of Maine.

Argued Sept. 7, 1990.
Decided Oct. 2, 1990.

Richard G. Moon (orally), Timothy J. O'Brien, Moon, Moss & McGill, Portland, for plaintiff.

Daniel J. Stevens, Malcolm L. Lyons (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendant.

Before ROBERTS, WATHAN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Tizz Crowley–King appeals two orders by the Superior Court (Androscoggin County, *Delahanty, J.*) remanding an arbitration award to the arbitrator for clarification and denying her motion to confirm the award.[1] We dismiss the appeal on the basis of the final judgment rule.

Between 1977 and 1983, Tizz Crowley–King was employed as a business manager with Kennebec Valley Radiology ("KVR"). Her employment contract provided that disputes regarding her employment would be resolved by arbitration. In April, 1988, Crowley–King demanded arbitration claiming, among other things, that KVR failed to pay benefits under her pension plan. In July, 1988, arbitrator Joseph Chandler awarded Crowley–King $57,920.62 plus accruals through the date of the award and directed that the amount be transferred to her present employer. He also awarded KVR $8,548.00 for excess salary paid to Crowley–King. In October 1988, KVR moved to confirm the award of $8,548.00 because Crowley–King had not paid the entire amount due. One year later, KVR moved to remand the matter to the arbitrator for clarification of the portion of the award dealing with the pension account. KVR claimed to be confused about whether to pay the amount specified or simply to turn what is currently in the pension account over to Crowley–King's present employer. Crowley–King filed a cross-motion to confirm the award of $57,920.62 plus accruals. After a hearing in January 1990, the Superior Court denied Crowley–King's cross-motion to confirm the award and remanded the matter to the arbitrator for clarification. The Superior Court reserved judgment on KVR's motion for confirma-

tion of the $8,548.00 award pending the clarification. Crowley–King now appeals the Superior Court's order remanding the matter to the arbitrator and denying her motion for confirmation.

An order to remand an arbitration award for clarification is not appealable. Subject to certain well defined exceptions, an appeal to this court lies only from a final judgment, decree or order. *See, Jandreau v. Rodriguez*, 284 A.2d 86, 87 (Me. 1971). The purpose of this rule is to promote judicial economy by curtailing piecemeal appeals. *See, Valdastri v. City of Bath*, 521 A.2d 691, 692 (Me.1987). The Superior Court's order remanding this matter to the arbitrator for clarification of the $57,920.64 award does not fall within any of the recognized exceptions to the final judgment rule. Review by this court must await a final disposition by the Superior Court.

When the Superior Court remands an arbitration award for the purpose of having an arbitrator take action which is then reviewable by the Superior Court, the court should expressly retain jurisdiction pending the outcome of the arbitrator's action. *Cf. Valdastri v. City of Bath*, 521 A.2d at 692–3. Here, the Superior Court retained jurisdiction to revisit the motions for confirmation of the award following the arbitrator's decision on the remand for clarification. Accordingly, the order denying Crowley–King's motion for confirmation is not appealable under 14 M.R.S.A. § 5945(1)(C) until the Superior Court renders final judgment following the action of the arbitrator on the remand for clarification.

The entry is:

Appeal dismissed. Remanded to Superior Court for further proceedings consistent with this opinion.

All concurring.

---

1. The award of the arbitrator is divided into two parts. Part A of the award is in the amount of $57,920.62 to Tizz Crowley–King; part B of the award is in the amount of $8,548.00 to Kennebec Valley Radiology, P.A.