**Robert D. WILLIAMS, M.D. et al.**

**v.**

**William C. BROMLEY, M.D. et al.**

Supreme Judicial Court of Maine.

Argued March 2, 1993.

Decided April 5, 1993.

Peter R. Roy (orally), Roy, Beardsley & Williams, Ellsworth, for plaintiff.

Stephen G. Morrell, Laurie A. Dart (orally), Eaton, Peabody, Bradford & Veague, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

William C. Bromley, M.D., and G. Madison Cravey, M.D., each individually and as a professional corporation, and Acadia Ophthalmology Center Associates (AOCA), move to dismiss the appeal of Robert D. Williams, M.D., individually and as a professional corporation, from an order entered in the Superior Court (Hancock County, *Browne, A.R.J.*) granting in part and

denying in part the defendants' motion for a partial summary judgment. We agree with the defendants that the partial summary judgment is interlocutory in nature and falls within no exception to the final judgment rule. Accordingly, we dismiss the plaintiffs' appeal.

The present litigation arose from a dispute among three physicians who were partners in AOCA, the owner and operator of the office building in which the physicians' medical offices were located. In response to the plaintiffs' multicount complaint against the defendants, the defendants filed an answer setting forth affirmative defenses and a multicount counterclaim. Thereafter, the defendants filed a motion seeking a partial summary judgment on that count of their counterclaim seeking declaratory relief as to certain provisions of the parties' partnership and dissolution of partnership agreements. After a hearing, the court granted in part and denied in part the defendants' motion. The trial court was not requested to direct an entry of final judgment pursuant to M.R.Civ.P. 54(b), nor was a report of the case sought pursuant to M.R.Civ.P. 72;[1] rather, the plaintiffs argue in support of their appeal that the order of the court granted a declaratory judgment that is immediately appealable as a final judgment. In support of their argument, the plaintiffs point to the portion of section 5953 of the Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980), that states "[s]uch declarations shall have the force and effect of a final judgment or decree."

We have repeatedly articulated our prudential rule that a party may only appeal from a final judgment. *See, e.g., Crowley–King v. Kennebec Valley Radiology*, 580 A.2d 687, 688 (Me.1990) ("Subject to certain well defined exceptions, an appeal to this court lies only from a final judgment, decree or order"). "A judgment is final if it 'fully decides and disposes of the whole cause leaving no further questions for the

future consideration and judgment of the [trial court].' " *Fern Const. Co., Inc. v. Binnall*, 443 A.2d 67, 69 (Me.1982) (quoting *Hazzard v. Westview Golf Club, Inc.*, 217 A.2d 217, 222 (Me.1966)). We have also stated that "[a] partial summary judgment, not being a judgment on the whole case, is customarily interlocutory in nature and non-appealable." *Cole v. Peterson Realty, Inc.*, 432 A.2d 752, 756 (Me.1981). *See also* 2 Field, McKusick & Wroth, *Maine Civil Practice* §§ 73.1–73.5 at 156–162 (2d ed. 1970) (general discussion of purpose of and exceptions to the final judgment rule). Nothing in the record of this case brings this appeal within any of the exceptions to the general rule that requires a final judgment as a prerequisite to an appeal.

We find no merit in the plaintiffs' contention that the language of 14 M.R.S.A. § 5953 mandates an exception to this general rule. The language of section 5953, when placed in the context of the entire Act, makes clear that declaratory judgments are as final as any other judgments for purposes of appeal. *See* 14 M.R.S.A. § 5959 ("All orders, judgments and decrees under this chapter may be reviewed as other orders, judgments and decrees."). To hold otherwise would place parties in the position of having to immediately appeal any statement resembling a declaration of rights to preserve the right to appeal and thereby undermine the purpose of the final judgment rule which is "to promote judicial economy by curtailing piecemeal appeals." *Crowley–King v. Kennebec Valley Radiology*, 580 A.2d 687, 688 (Me.1990).

The entry is:

Appeal dismissed.

All concurring.

---

1. M.R.Civ.P. 54(b) provides for the express direction of an entry of a final judgment by the trial court as to one or more but fewer than all the claims or parties on its express determination that there is no just reason for delay.

M.R.Civ.P. 72 sets out the procedures in the Superior Court for the report of cases to the Law Court. Both of these rules provide an exception to the general rule that an appeal may only be taken from a final judgment.