2008 ME 88

**CHESTERFIELD ASSOCIATES, INC.**

v.

**SHEEPSCOT RIVER HOLDINGS
I, LLC, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 2, 2008.
Decided: May 27, 2008.

John D. Clifford, IV, Esq., Clifford & Golden, PA, Lisbon Falls, ME, for Sheepscot River Holdings, LLC, Edgecomb Development, LLC, and Roger Bintliff.

Eliot Field, Esq., Wiscasset, ME, for Chesterfield Associates, Inc.

Panel: SAUFLEY, C.J., and LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Sheepscot River Holdings I, LLC, Edgecomb Development, LLC, and Roger Bintliff (collectively, Sheepscot) appeal a summary judgment entered in the District Court (Wiscasset, *Tucker, J.*) in favor of Chesterfield Associates, Inc., and the court's denial of their motion to alter or amend the judgment.

[¶ 2] Sheepscot raises six issues on appeal. Chesterfield filed a cross-appeal raising one issue. We vacate a portion of the court's judgment and remand, dismissing Sheepscot's appeal of the grant of summary judgment as interlocutory.

## I. BACKGROUND

[¶ 3] In September 2004, Sheepscot River Holdings contracted with Chesterfield, a construction contractor, to do some work that, among other things, included the installation of a water main and sewer force main across the Sheepscot River. Sheepscot River Holdings soon after as-

signed its interest in the project to Edgecomb. Based on issues arising out of this contractual arrangement, including the enforceability of a related "settlement agreement" and a promissory note executed in favor of Chesterfield by Edgecomb's member-manager, Roger Bintliff, Chesterfield filed a complaint on May 15, 2006, against Sheepscot containing four causes of action: (1) an action based on the Maine Mechanic's Lien Statute, 10 M.R.S. §§ 3251–3269 (2007); (2) breach of contract; (3) unjust enrichment; and (4) an action based on the promissory note.[1]

[¶ 4] Sheepscot filed an answer in which it asserted several affirmative defenses. Sheepscot also filed an eight-count counterclaim, claiming: (1) two counts of breach of contract; (2) breach of the settlement agreement; (3) that liens were improperly placed on Sheepscot's property, amounting to slander of title; (4) fraud; (5) breach of express and implied warranties relating to Chesterfield's work pursuant to the contract; (6) liquidated damages under the contract; and (7) interference with contractual relationships. Chesterfield then filed an answer asserting several affirmative defenses.

[¶ 5] On March 20, 2007, Chesterfield filed a motion for summary judgment on all counts in its own complaint as well as on all causes of action set forth in Sheepscot's counterclaims. Sheepscot filed an opposition to Chesterfield's motion for summary judgment and included additional material facts, asking that the court deny Chesterfield's motion "and, if appropriate, ... enter Summary Judgment against" Chesterfield on its complaint. Chesterfield opposed Sheepscot's motion for summary judgment and replied to Sheepscot's additional material facts, including three additional facts in its reply.[2] Sheepscot filed a second opposing statement of material facts in response to the additional facts Chesterfield had included with its reply.[3]

[¶ 6] The court considered Chesterfield's motion for summary judgment and Sheepscot's motion for partial summary judgment without holding a hearing, entering summary judgment on June 15, 2007, in favor of Chesterfield on the count concerning amounts due and payable on the promissory note (Count IV) and ordering Sheepscot to pay Chesterfield $50,000. The court then dismissed Chesterfield's other three counts as moot and dismissed all of Sheepscot's counterclaims. Sheepscot filed a motion to alter or amend the judgment on June 25, 2007, which the court denied. Sheepscot and Chesterfield filed this appeal and cross-appeal, respectively.

## II. DISCUSSION

█ [¶ 7] Among other things, Sheepscot argues that the court erred in dismissing each of its counterclaims against Chesterfield because Chesterfield's motion for summary judgment, including its statement of material facts, did not properly address or relate to all counts of the counterclaim, particularly Sheepscot's warranty, fraud, and breach of contract claims.[4]

---

1. Apparently on or around September 1, 2006, Chesterfield filed a motion to amend its complaint to add a fifth count. Due to a filing error, the court was unaware of the motion, never ruled on it, and did not address the fifth count in its summary judgment.

2. M.R. Civ. P. 56(h) permits a party to file "additional" statements of fact only with the opposition to a motion for summary judgment.

3. *See supra* note 2.

4. Chesterfield argues that the court's dismissal of all of Sheepscot's counterclaims should be affirmed because they were related to the contract and transactions at issue in Chester-

[¶ 8] The court granted summary judgment to Chesterfield on one count, but dismissed all of the remaining counts in Chesterfield's complaint as well as all of Sheepscot's counterclaims, finding that "both sides have submitted insufficient evidence on these claims so these claims are hereby dismissed."[5] The trial court erred in doing so. The only motions pending before the court were Chesterfield's motion for summary judgment as to its claims and Sheepscot's counterclaims, and Sheepscot's motion for summary judgment as to Chesterfield's claims. Because neither party had filed a motion to dismiss claims in the case, the court erred when it dismissed any claims. The court should have granted or denied, in whole or in part, the competing motions for summary judgment, and gone forward to trial with any claims or counterclaims with respect to which summary judgment was not granted.[6] *See* M.R. Civ. P. 56(d). Accordingly, we vacate that part of the court's decision dismissing Chesterfield's claims and Sheepscot's counterclaims.[7]

The entry is:

Sheepscot's appeal of the summary judgment on Count IV of Chesterfield's complaint is dismissed. The portion of the judgment dismissing Counts I, II, and III of Chesterfield's complaint and Sheepscot's counterclaims is vacated. Remanded for further proceedings.

field's motion for summary judgment and were "make-weight, side-show" counterclaims.

5. The court's judgment first states that:

> With regards to the other claims and counterclaims raised by both sides over the other side's performance under the contract, both sides have submitted insufficient evidence on these claims so these claims are hereby dismissed. These claims are dismissed as secondary to the primary dispute over the enforcement of the $50,000 note.

The judgment subsequently states that "Count IV of the plaintiff['s] complaint is granted. Counts I, II, & III are dismissed as moot. The defendant's counter-claims are denied." Despite the inconsistent language, it is apparent that the court's intention was to dismiss Sheepscot's counterclaims as well as Counts I, II, and III of Chesterfield's complaint; "Final Judgment Case Closed" was

entered on the docket as of the same day the court entered the summary judgment.

6. If the court's judgment can possibly be read to mean that it granted Chesterfield's motion for summary judgment as to Sheepscot's counterclaims, the court nonetheless erred. Chesterfield's motion with respect to Sheepscot's counterclaims, particularly Sheepscot's counterclaims alleging breach of contract, breach of warranty, and fraud, was not supported by a proper (or any) statement of material facts as required by M.R. Civ. P. 56(h). *See Reid v. Town of Mt. Vernon*, 2007 ME 125, ¶¶ 12–13, 932 A.2d 539, 543–44.

7. We do not address the merits of Sheepscot's appeal of the entry of summary judgment in favor of Chesterfield on Count IV of its complaint, To do so would constitute improper interlocutory appellate review. *See Williams v. Bromley*, 622 A.2d 1171, 1172 (Me.1993).